■ RACHELL M. GOBER, Appellant, v IRA L. GOBER, Respondent. [724 NYS2d 48] —Order, Supreme Court, New York County (Judith Gische, J.), entered December 21, 2000, which, to the extent appealed from, denied plaintiff's motion for interim counsel and expert fees totaling $266,384, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, and the motion granted.

Plaintiff sought $159,755 in interim counsel fees and $106,629 in expert fees in order to adequately prepare for trial. Supreme Court denied the motion, noting that it was brought a mere three months after plaintiff had been awarded $150,000 for legal expenses and $70,000 for expert fees, which awards

"specifically took into account plaintiff's need to prepare for trial." At the time of her application, plaintiff had already received interim fee awards of $415,000 for her attorneys and $128,500 for the services of experts.

It is acknowledged by defendant husband's present counsel that they have received some $745,000 for representing him. There is nothing in the record to indicate how much defendant's former counsel was paid. This is a case where plaintiff's assets are confined to her monthly maintenance, while her husband's wealth is in the millions and his assets continue to amass (*Charpie v Charpie*, 271 AD2d 169, 171). Thus, the additional amount sought by plaintiff pursuant to Domestic Relations Law § 237 (a) is appropriate "to prevent the more affluent spouse from wearing down or financially punishing the opposition by recalcitrance, or by prolonging the litigation" (*O'Shea v O'Shea*, 93 NY2d 187, 193).

We concur in Supreme Court's assessment that defendant has spent a "staggering sum" on this case and that plaintiff has been no less contentious than her husband: "Although each accuses the other of unnecessarily driving up the costs of this litigation, it is not readily apparent at this point that either party bears sole responsibility in this regard" (order entered Aug. 15, 2000). In keeping with the nature of interim fee awards, the extent to which the latest such award is to be charged against plaintiff's anticipated equitable distribution is entrusted to the sound discretion of Supreme Court. Concur— Nardelli, J. P., Tom, Andrias, Rubin and Saxe, JJ.