■ Francis Braun, Appellant, v Constance Braun, Respondent. [782 NYS2d 785]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Putnam County (Sweeney, J.), dated July 10, 2003, as, after a nonjury trial, awarded the defendant full ownership of the marital residence, maintenance in the sum of $30,000 for the first year following the date of the judgment and $25,000 per year thereafter, until the defendant reaches the age of 62, and an attorney's fee in the sum of $18,600.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in awarding maintenance in light of, inter alia, the standard of living of the parties during the marriage, the disparities in their income, the duration of the marriage, and their ages and health (*see O'Sullivan v O'Sullivan*, 282 AD2d 586 [2001]). Contrary to the plaintiff's contention, the Supreme Court's conclusions regarding the plaintiff's income were proper, in light of the fact that he "provided less than credible testimony and evidentiary submissions regarding his actual income" (*Peri v Peri*, 2 AD3d 425, 426 [2003]).

In addition, the Supreme Court properly found that it was "virtually impossible" to accurately value the plaintiff's business, because he was not forthcoming with all the information necessary to make that evaluation. Under the circumstances of this case, the Supreme Court properly awarded the plaintiff's business to him, and properly awarded sole ownership of the marital home to the defendant (*see* Domestic Relations Law § 236 [B] [5] [d] [9], [13]).

The Supreme Court providently exercised its discretion in awarding the defendant an attorney's fee in the sum of $18,600 (*see Cabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]; *Peri v Peri, supra*).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., S. Miller, Cozier and Spolzino, JJ., concur.