■ DONNA ANN CIAMPA, Appellant-Respondent, v DOUGLAS A. CIAMPA, Respondent-Appellant. [850 NYS2d 190]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Kent, J.), entered April 11, 2006, as (1) awarded her only 35% of the marital portion of the defendant's business interests, (2) awarded her durational maintenance in the sum of only $7,000 per month for a period of five years, (3) awarded her child support in the amount of only $1,490.38 per week, (4) failed to award prejudgment interest, and (5) awarded postjudgment interest at the rate of only 6%, and the defendant cross-appeals from so much of the same judgment as (1) awarded the plaintiff 35% of the marital portion of his business interests, (2) awarded him a credit in the sum of only $75,000 for the marital residence, (3) awarded the plaintiff counsel and expert fees while failing to award him the same, (4) failed to award him a credit for marital property retained by the plaintiff, and (5) directed that his life insurance and child support obligations continue for children until they attain the age of 22 or graduate from college, whichever occurs first.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the defendant to provide life insurance and child support until each child attains the age of 22 or graduates from college, whichever occurs first, and substituting therefor a provision directing the defendant to provide life insurance and child support until each child attains the age of 21, and by adding to the penultimate decretal paragraph thereof, after the first sentence, the sentence "With respect to the $100,000 advance, the defendant shall be credited

with this amount as against counsel and expert fees, unless he has already reduced his equitable distribution obligation by using this $100,000 credit."; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In this long-term marriage where the parties have four children, the court providently exercised its discretion in awarding the plaintiff 35% of the defendant's business interests. This award took into account the plaintiff's limited involvement in the defendant's business, while not ignoring the direct and indirect contributions she made as the primary caretaker of the parties' children, as homemaker, and as social companion to the defendant, while foregoing her career as an attorney (*see* Domestic Relations Law § 236 [B] [5] [d] [6]; *Price v Price,* 69 NY2d 8, 11, 14 [1986]; *Griggs v Griggs,* 44 AD3d 710 [2007]).

Further, in awarding the plaintiff maintenance in the sum of $7,000 per month for a period of five years, the court did not improvidently exercise its discretion, having considered the parties' standard of living during the marriage, their property and income (*see* Domestic Relations Law § 236 [B] [6] [a]; *Summer v Summer,* 85 NY2d 1014, 1016 [1995]; *Wortman v Wortman,* 11 AD3d 604, 606 [2004]; *Braun v Braun,* 11 AD3d 423 [2004]). While the court found that the plaintiff, who has not practiced law since the birth of their oldest child in 1987, will need three to five years after returning to the workplace to earn any substantial income as an attorney, the court also found that in the interim she will receive a substantial distributive award totaling approximately $4.5 million as a result of this matrimonial action. The amount of maintenance awarded by the court will thus ensure that her reasonable needs are met, while also providing her with an incentive to become financially independent (*see Griggs v Griggs,* 44 AD3d 710 [2007]; *Hathaway v Hathaway,* 16 AD3d 458, 460 [2005]; *Granade-Bastuck v Bastuck,* 249 AD2d 444, 446 [1998]).

Contrary to the plaintiff's additional argument, the court providently exercised its discretion in limiting the combined parental income to $250,000 (*see Matter of Brim v Combs,* 25 AD3d 691, 693 [2006], *lv denied* 6 NY3d 713 [2006]; *Lee v Lee,* 18 AD3d 508, 510 [2005]; *Anonymous v Anonymous,* 286 AD2d 585, 586 [2001]; *Kosovsky v Zahl,* 272 AD2d 59, 60 [2000]), and fixing child support for her as the children's custodian at the sum of $1,490.38 per week. The court properly found that it would be unjust and inappropriate to apply the statutory formula to income over $80,000, given that the plaintiff was receiving maintenance and a substantial distributive award,

and taking into account the children's comfortable, but modest, prior lifestyle (*see* Domestic Relations Law § 240 [1-b]; *Matter of Cassano v Cassano,* 85 NY2d 649, 654-655 [1995]).

The defendant correctly contends on his cross appeal that the court erred in directing him to pay child support and maintain life insurance for the benefit of children over the age of 21. A parent is not liable for the support of a child who has reached the age of 21, unless there is an express agreement to pay such support (*see* Family Ct Act § 413). Because there is no such agreement in this case, the court erred in directing the defendant to pay child support until each child attained the age of 22 or graduated from college, whichever came first (*see Matter of Winokur v Winokur,* 31 AD3d 653, 654 [2006]; *Poli v Poli,* 286 AD2d 720, 722 [2001]).

However, contrary to the defendant's further argument, the court did not err in awarding the plaintiff counsel fees up to the amount he paid for his own counsel of $201,437.80, as well as expert fees of $50,000, while denying an award of counsel fees to the defendant (*see Unger-Matusik v Matusik,* 276 AD2d 936, 940 [2000]; *cf Zema v Zema,* 17 AD3d 360 [2005]). This matrimonial action required the expenditure of significant counsel fees to deal with the myriad of legal issues presented, as well as substantial expert fees in order to evaluate the parties' multimillion-dollar business assets and residential and commercial real estate. Nonetheless, the defendant's expenditure of $201,437.80 for his counsel fees pales in comparison to the plaintiff's expenditure of more than $484,142 for her counsel and experts, the plaintiff having utilized at least five law firms during the course of this matrimonial proceeding.

Given, inter alia, the equities and circumstances of this case, the relative merits of the parties' positions, their respective financial circumstances, and the delay attributable to the plaintiff, the Supreme Court properly exercised its discretion in holding the defendant responsible for the plaintiff's counsel fees in the same amount he paid his own counsel, plus $50,000 of her expert fees (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Timpone v Timpone,* 28 AD3d 646 [2006]), the substantial remaining balance of the plaintiff's fees being chargeable to her. We note that since the defendant has already paid the sum of $94,392.32 for the plaintiff's legal and expert fees and advanced $100,000 toward her equitable distribution, the Supreme Court properly indicated that the defendant should receive a credit for those payments. With respect to the $100,000 advance, the defendant shall be credited with this amount as against counsel and expert fees, unless he has already reduced

his equitable distribution obligation by using this $100,000 credit.

The parties' remaining contentions are without merit. Crane, J.P., Miller, Dillon and Balkin, JJ., concur.