[858 NYS2d 667]

ROBERT N. PRICHEP, Respondent, v PATTI BLOOM PRICHEP, Appellant.

Second Department, May 6, 2008

## APPEARANCES OF COUNSEL

*Schlissel, Ostrow, Karabatos & Poepplein, PLLC*, Garden City (*Joseph A. DeMarco* and *Stephen W. Schlissel* of counsel), for appellant.

*Shlimbaum and Shlimbaum*, Islip (*C. Donald Shlimbaum* and *Janet M. Philips* of counsel), for respondent.

## OPINION OF THE COURT

PRUDENTI, P.J.

When an action for a divorce is commenced, it is often the case that most of the marital assets available for the payment of legal fees are possessed or controlled by one of the spouses, usually the husband. In order to ensure that the parties will have equal access to skilled legal representation, the Domestic Relations Law authorizes awards of interim counsel fees to the non-monied spouse during the course of the litigation. Because of the importance of such awards to the fundamental fairness of the proceedings, we hold that an application for interim counsel fees by the nonmonied spouse in a divorce action should not be denied—or deferred until after the trial, which functions as a denial—without good cause, articulated by the court in a written decision.

The husband commenced this divorce action against the wife in 1998. In June 2005, the wife made a pretrial motion which included a request, pursuant to Domestic Relations Law § 237, for an award of interim counsel fees from the husband in the amount of $35,000. The wife's motion papers noted that, although the court previously had awarded her interim counsel fees in the amount of $20,000, she currently owed her attorneys the sum of $53,009. The wife pointed out that the husband was a "highly successful vascular surgeon," earning $420,100 per year, while she worked part-time as an early intervention therapist, earning $4,015 per year. Thus, the wife argued, as the

nonmonied spouse, she was entitled to an award of interim counsel fees. In opposition to the wife's motion, the husband argued that the wife had "over-litigated" this case, creating and submitting voluminous and unnecessary papers, and thus generating excessive counsel fees. The husband denied that he had failed to cooperate in the discovery process or had engaged in any "obstructionist tactics."

In an order dated February 23, 2006, the Supreme Court, inter alia, denied that branch of the wife's motion which was for an award of interim counsel fees in the amount of $35,000, "without prejudice to renewal before the trial court to determine the financial circumstances of the parties, the nature and complexity of the case, which includes the valuation of a medical practice, the fees filed and legal services rendered and the expertise of the attorneys."

The wife thereafter moved in the Supreme Court, inter alia, (a) for leave to renew that branch of her prior motion which was for an award of interim counsel fees in the amount of $35,000 and (b), in effect, for an additional award of interim counsel fees in the amount of $40,000. In support of the wife's motion, her attorney submitted an affidavit asserting that the wife now owed his firm the sum of $159,000 in legal fees, as well as invoices and attorney time records documenting billings in that amount. In the alternative, the motion sought an order granting the law firm representing the wife leave to withdraw as her counsel.

In an order dated August 17, 2006, the Supreme Court, inter alia, denied those branches of the wife's motion which were for leave to renew and, in effect, for an additional award of interim counsel fees. The court, however, granted the law firm's alternative request to the extent of relieving it as counsel for the wife. The court reasoned that the wife had presented

"no new facts or legal arguments to warrant deviating from [the court's] original ruling that the question of the amounts of additional counsel fees due outgoing counsel will be addressed at trial where the court can be in a better position to determine the financial circumstances of the parties, the nature and complexity of this case, which includes the valuation of a medical practice, the fees filed and legal services rendered and the expertise of the attorneys."

The wife appeals from the orders dated February 23, 2006 and August 17, 2006, respectively, to the extent that they denied her requests for awards of interim counsel fees.

The Domestic Relations Law provides that, in an action for divorce,

> "the court may direct either spouse . . . to pay such sum or sums of money directly to the attorney of the other spouse to enable that spouse to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [a]).

The court may direct such payments in the final judgment and/or "by one or more orders from time to time before final judgment" (*id.*). The Court of Appeals has explained that Domestic Relations Law § 237

> "is designed to redress the economic disparity between the monied spouse and the non-monied spouse. Recognizing that the financial strength of matrimonial litigants is often unequal—working most typically against the wife—the Legislature invested Trial Judges with the discretion to make the more affluent spouse pay for legal expenses of the needier one. The courts are to see to it that the matrimonial scales of justice are not unbalanced by the weight of the wealthier litigant's wallet" (*O'Shea v O'Shea*, 93 NY2d 187, 190 [1999] [footnote omitted]).

An award of counsel fees pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue "is controlled by the equities and circumstances of each particular case" (*Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]; *see Timpone v Timpone*, 28 AD3d 646 [2006]; *Walker v Walker*, 255 AD2d 375, 376 [1998]). In determining whether to award fees, the court should "review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *see Ciampa v Ciampa*, 47 AD3d 745, 748 [2008]). The court may also consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (*see Ciampa v Ciampa*, 47 AD3d at 748; *Timpone v Timpone*, 28 AD3d at 646; *Morrissey v*

*Morrissey*, 259 AD2d at 473; *Walker v Walker*, 255 AD2d 375, 376 [1998]).

When a party to a divorce action requests an interim award of counsel fees, as opposed to a final award, no such detailed inquiry is warranted. An award of interim counsel fees ensures that the nonmonied spouse will be able to litigate the action, and do so on equal footing with the monied spouse. Such an award "is appropriate 'to prevent the more affluent spouse from wearing down or financially punishing the opposition by recalcitrance, or by prolonging the litigation' " (*Gober v Gober*, 282 AD2d 392, 393 [2001], quoting *O'Shea v O'Shea*, 93 NY2d at 193; *see Charpié v Charpié*, 271 AD2d 169 [2000]). If the playing field were not leveled by an award of interim counsel fees, "a wealthy husband could obtain the services of highly paid (and presumably seasoned and superior) matrimonial counsel, while the indigent wife, essentially, would be relegated to counsel willing to take her case on a poverty basis" (*Sassower v Barone*, 85 AD2d 81, 89 [1982]).

In *Frankel v Frankel* (2 NY3d 601 [2004]), the Court of Appeals recognized that "the realities of contentious matrimonial litigation require a regular infusion of funds," and that "more frequent interim counsel fee awards would prevent accumulation of bills" (*id.* at 607, 605 n 1). Quoting from the 1993 Report of the Committee to Examine Lawyer Conduct in Matrimonial Actions, the Court noted that " '[t]he practice of many judges to defer [pendente lite counsel fee applications] to the trial court essentially delays the awarding of fees until the final settlement or judgment, and often compromises the nonmonied spouse's ability to adequately litigate the case' " (*id.* at 605 n 1, quoting Report of Committee at 36 [May 4, 1993]; *see Charpié v Charpié*, 271 AD2d 169 [2000]).

In light of the important public policy underlying Domestic Relations Law § 237 (a), as acknowledged in *Frankel,* an award of interim counsel fees to the nonmonied spouse will generally be warranted where there is a significant disparity in the financial circumstances of the parties (*see DelDuca v DelDuca*, 304 AD2d 610, 611 [2003]; *Celauro v Celauro*, 257 AD2d 588, 589 [1999]; *Lieberman v Lieberman*, 187 AD2d 567 [1992]; *Flach v Flach*, 114 AD2d 929 [1985]). Accordingly, courts should not defer requests for interim counsel fees to the trial court, and should normally exercise their discretion to grant such a request made by the nonmonied spouse, in the absence of good cause— for example, where the requested fees are unsubstantiated or

clearly disproportionate to the amount of legal work required in the case—articulated by the court in a written decision.

In this case, the Supreme Court articulated no reason for denying interim counsel fees, but merely stated that the trial court would be in a better position to assess the factors relevant to an award of counsel fees. The factors identified by the Supreme Court, however, were relevant only to the determination as to which party should be ultimately responsible for the wife's counsel fees, and in what amount. Here, the Supreme Court was called upon only to determine whether the husband should be directed to advance funds to cover the wife's counsel fees on an interim basis, not whether he would ultimately be held responsible for payment of those fees, or any part thereof. The trial court will be in the best position to determine whether the fees should be charged to the husband, or charged to the wife as an offset against the equitable distribution award she ultimately receives, or divided between the parties (*see Ciampa v Ciampa*, 47 AD3d at 748; *Gober v Gober*, 282 AD2d at 393; *Plawner v Plawner*, 208 AD2d 408 [1994]; *Maharam v Maharam*, 177 AD2d 262, 264-265 [1991]).

In support of those branches of her motion which were for renewal and an additional award of interim counsel fees, the wife submitted detailed billing documents and time records showing that her attorneys had performed, and had billed her for, legal work valued at $159,000. Moreover, there is no serious dispute that the husband's financial resources far exceed those of the wife. While the husband argues that the wife has funds available to her, due to the pendente lite maintenance he has been required to pay her, she cannot be expected to exhaust all, or a large portion, of the finite resources available to her in order to pay her attorneys, particularly when the husband is able to pay his own legal fees without any substantial impact upon his lifestyle (*see Charpié v Charpié*, 271 AD2d at 171-172). Although there are sharp disputes as to whether the husband's actions and litigation tactics have unduly prolonged this action, and whether all of the services rendered by the wife's attorneys have been necessary to her defense in this action, those are matters to be resolved by the trial court in determining which party should ultimately bear the burden of paying the wife's legal fees.

Thus, the Supreme Court improvidently exercised its discretion in denying interim counsel fees. Those branches of the wife's motion which were for renewal and an additional award

of interim counsel fees were adequately supported by the accompanying documentation, and should have been granted.

Although interim counsel fees are normally payable directly to the attorney representing the nonmonied spouse, there is no impediment to directing payment of fee awards directly from the monied spouse to the nonmonied spouse (*cf. Lenczycki v Lenczycki*, 152 AD2d 621, 625 [1989]; *Ross v Ross*, 90 AD2d 541, 542 [1982]; *Silver v Silver*, 63 AD2d 1017 [1978]), and we deem it appropriate to do so here.

The parties' remaining contentions are without merit or need not be reached in light of our determination.

Accordingly, the order dated August 17, 2006 is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, those branches of the defendant's motion which were (a) for leave to renew that branch of her prior motion which was for an award of interim counsel fees in the amount of $35,000 and (b), in effect, for an additional award of interim counsel fees in the amount of $40,000, are granted, and the award of $35,000 and the additional award of $40,000 are payable directly to the defendant. In light of our determination of the appeal from the order dated August 17, 2006, the appeal from the order dated February 23, 2006 is dismissed as academic.

LIFSON, COVELLO and BALKIN, JJ., concur.

Ordered that the appeal from the order dated February 23, 2006 is dismissed as academic in light of our determination of the appeal from the order dated August 17, 2006; and it is further,

Ordered that the order dated August 17, 2006 is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, those branches of the defendant's motion which were (a) for leave to renew that branch of the defendant's prior motion which was for an award of interim counsel fees in the amount of $35,000, and (b), in effect, for an additional award of interim counsel fees in the amount of $40,000, are granted, and the award of $35,000 and the additional award of $40,000 are payable directly to the defendant; and it is further,

Ordered that one bill of costs is awarded to the defendant.