■ Allan Cohen, Respondent, v Joan Cohen, Appellant. [900 NYS2d 460]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated January 30, 2009, as granted that branch of the plaintiff's motion which was for leave to reargue his opposition to her motion for an award of an attorney's fee and for payment of the costs of producing an appellate record, which had been determined in a prior order dated October 29, 2008, and, upon reargument, vacated the order dated October 29, 2008, and thereupon denied her motion.

Ordered that the order dated January 30, 2009, is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for leave to reargue is denied, and the matter is remitted to the Supreme Court, Nassau County, to determine that branch of the plaintiff's motion which was for leave to renew.

The defendant moved in the Supreme Court, pursuant to Domestic Relations Law § 237 (a), for an award of an attorney's fee and the costs associated with producing an appellate record, so that she could afford to perfect and prosecute three appeals relating to this matrimonial action. By decision and order on motion of this Court dated September 28, 2009, the three appeals were held in abeyance pending the outcome of the instant appeal. The Supreme Court granted the defendant's motion and directed the plaintiff to pay the sum of $25,000 as a prospective attorney's fee, and to pay the costs of producing an appellate record. In addition, the Supreme Court awarded the defendant's attorney the sum of $3,000 as a fee for making the motion. The plaintiff, inter alia, moved for leave to reargue his opposition to the defendant's motion and, upon reargument, the Supreme Court vacated its original order, finding that there was no reasonable ground to believe that the defendant would be successful on her appeals, and thereupon denied the defendant's motion in its entirety. We reverse the order made upon reargument.

The Supreme Court erred in granting that branch of the plaintiff's motion which was for leave to reargue, since the plaintiff failed to demonstrate that the Supreme Court overlooked or misapprehended the facts or law, or for some other reason mistakenly reached its earlier decision (see CPLR 2221 [d]; E.W. Howell Co., Inc. v S.A.F. La Sala Corp., 36 AD3d 653, 654 [2007]; see also McDonald v Stroh, 44 AD3d 720, 721 [2007]; Matter of New York Cent. Mut. Ins. Co. v Davalos, 39 AD3d 654, 655 [2007]).

In matrimonial actions, courts have the authority to order one spouse to pay the other spouse's attorney's fee "as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [a]; *see Prichep v Prichep*, 52 AD3d 61 [2008]). Domestic Relations Law § 237 (a) also permits an award of an attorney's fee and the costs of producing an appellate record so that a spouse may prosecute an appeal (*see e.g. Block v Block*, 296 AD2d 343 [2002]; *LeRoy v LeRoy*, 276 AD2d 442 [2000]). An award of an attorney's fee "will generally be warranted where there is a significant disparity in the financial circumstances of the parties" (*Prichep v Prichep*, 52 AD3d at 65). The purpose of Domestic Relations Law § 237 (a) is to "redress the economic disparity between the monied spouse and the non-monied spouse" (*O'Shea v O'Shea*, 93 NY2d 187, 190 [1999]). "In determining whether to award fees, the court should 'review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions' " (*Prichep v Prichep*, 52 AD3d at 64, quoting *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). However, the nonmonied spouse is no longer required to demonstrate a likelihood of success as a "strict predicate" to an award of an attorney's fee (*O'Shea v O'Shea*, 93 NY2d at 192).

Moreover, an award of an attorney's fee and payment of the costs of producing an appellate record were appropriate in this case, given the significant economic disparity between the parties. The defendant is unemployed and has no independent source of income, while the plaintiff earns approximately $450,000 per year as a partner in a large law firm. Furthermore, the award of $3,000 to the defendant's attorney for making the motion for an award of appellate counsel fees was appropriate (*see O'Shea v O'Shea*, 93 NY2d at 193-194).

The parties' remaining contentions are without merit.

Since it granted reargument, the Supreme Court, in effect, denied, as academic, that branch of the plaintiff's motion which was for leave to renew his opposition. As we are denying reargument, the matter must be remitted to the Supreme Court, Nassau County, for a determination of that branch of the plaintiff's motion which was for leave to renew. Skelos, J.P., Florio, Hall and Austin, JJ., concur.