■ Amy Amante, Appellant, v Robert Amante, Respondent. [909 NYS2d 666]—

In an action for a divorce and ancillary relief, the wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), entered October 2, 2009, as granted her motion for an award of interim counsel fees in the sum of $75,000 only to the extent of awarding her the sum of $25,000.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the wife's motion for an award of interim counsel fees in the sum of $75,000 is granted.

"An award of interim counsel fees ensures that the nonmonied spouse will be able to litigate the action, and do so on equal footing with the monied spouse" (*Prichep v Prichep*, 52 AD3d 61, 65 [2008]). Courts "should normally exercise their discretion to grant such a request made by the nonmonied spouse" (*id.* at 65). Here, the wife's request for an award of interim counsel fees in the sum of $75,000 was reasonable under the circumstances, particularly in light of the evidence regarding comparable fees incurred by the husband (*see Mueller v Mueller*, 61 AD3d 652 [2009]; *Penavic v Penavic*, 60 AD3d 1026, 1029 [2009]; *Prichep v Prichep*, 52 AD3d at 66-67; *Gober v Gober*, 282 AD2d 392, 393 [2001]).

Contrary to the wife's contention, the order appealed from did not prospectively award the husband a credit or offset in the amount of interim fees awarded to the wife, against any equitable distribution which the wife may receive. The trial court determines "whether the fees should be charged to the husband, or charged to the wife as an offset against the equitable distribution award she ultimately receives, or divided between the parties" (*Prichep v Prichep*, 52 AD3d at 66; *see Ciampa v Ciampa*, 47 AD3d 745 [2008]). The Supreme Court's order merely acknowledged the husband's right to request such a credit or offset at the ultimate trial of the divorce action. Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.