■ SIDNEY WALDON WITTER, Respondent, v MOURAD DAIRE, Appellant. [917 NYS2d 870]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Tolbert, J.), dated April 23, 2009, as granted his motion for an award of interim counsel fees in the sum of $100,000 to the extent of awarding him interim counsel fees in the sum of only $10,000, and (2) so much of an order of the same court entered August 5, 2009, as, upon reargument, adhered to the original determination, and denied that branch of his motion which was for an additional award of interim counsel fees in the sum of $25,000.

Ordered that the appeal from the order dated April 23, 2009, is dismissed, as that order was superseded by the order entered August 5, 2009, made upon reargument; and it is further,

Ordered that the order entered August 5, 2009, is reversed insofar as appealed from, on the facts and in the exercise of discretion, upon reargument, the determination in the order dated April 23, 2009, granting the defendant's motion for an award of interim counsel fees in the sum of $100,000 to the extent of awarding him interim counsel fees in the sum of only $10,000 is vacated, the defendant's motion for an award of interim counsel fees in the sum of $100,000 is granted, and that branch of the defendant's motion which was for an additional award of interim counsel fees in the sum of $25,000 is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

"An award of interim counsel fees ensures that the nonmonied spouse will be able to litigate the action, and do so on equal footing with the monied spouse" (*Prichep v Prichep*, 52 AD3d 61, 65 [2008]). Courts "should normally exercise their discretion to grant such a request made by the nonmonied spouse" (*id.* at 65).

Here, the resources available to the wife far exceed those available to the husband, and the husband's requests for awards of interim counsel fees in amounts totaling $125,000 are reasonable under the circumstances (*see Penavic v Penavic*, 60 AD3d 1026, 1028-1029 [2009]; *Prichep v Prichep*, 52 AD3d at 66-67). Although the husband is not entitled to counsel fees for work performed in connection with his challenge to the validity of the parties' prenuptial agreement (*see Kessler v Kessler*, 33 AD3d 42, 49-50 [2006]; *Anonymous v Anonymous*, 258 AD2d 547 [1999]; *Lamborn v Lamborn*, 56 AD2d 623 [1977]), it is evident from the record that the legal fees he has incurred, or will imminently incur, in litigating matters other than the validity of the prenuptial agreement amount to at least $125,000. Although the Supreme Court, in limiting its award of interim counsel fees to the husband, deemed the litigation of such other matters to be unnecessary or premature, we note that such considerations, while potentially relevant in determining the propriety and amount of a final award of counsel fees, did not warrant the denial of the requested amounts of interim counsel fees in this case (*see Prichep v Prichep*, 52 AD3d at 64-65). Prudenti, P.J., Rivera, Lott and Miller, JJ., concur.

Motion by the respondent, inter alia, to dismiss appeals from two orders of the Supreme Court, Westchester County, dated April 23, 2009, and entered August 5, 2009, respectively, in effect, on the ground that they have been rendered academic by a decision of the same court, after trial, dated June 23, 2010. By decision and order on motion of this Court dated September 9, 2010, the branch of the motion which was to dismiss the appeals was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is

Ordered that the branch of the motion which is to dismiss the appeals is denied. Prudenti, P.J., Rivera, Lott and Miller, JJ., concur.