■ JENNIFER PETROSINO DUNLEAVY, Appellant, v JOHN DUNLEAVY, Respondent. [4 NYS3d 252]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Mackenzie, J.), dated June 21, 2013, as granted that branch of her motion which was for an award of temporary maintenance only to the extent of awarding her the sum of $75 per week and granted that branch of her motion which was for an award of interim counsel fees only to the extent of awarding her the sum of $2,500.

Ordered that the order is modified, on the facts and in the exercise of discretion, by (1) increasing the award to the plaintiff for temporary maintenance from the sum of $75 per week to the sum of $784.62 per week commencing April 9, 2013, and (2) increasing the award of interim counsel fees to her from the sum of $2,500 to the sum of $7,500; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

Domestic Relations Law § 236 (B) (5-a) sets forth formulas for the courts to apply to the parties' reported income in order to determine the presumptively correct amount of temporary maintenance. It further provides that the court shall order the presumptive award of temporary maintenance in accordance with the formulas, unless it finds that the presumptive award

is unjust or inappropriate and adjusts the presumptive award accordingly based on certain enumerated factors (*see* Domestic Relations Law § 236 [B] [5-a] [e] [1]). In such a case, the court must set forth, in its written order, the factors it considered and the reasons it adjusted the presumptive award of temporary maintenance (*see* Domestic Relations Law § 236 [B] [5-a] [e] [2]).

Here, the Supreme Court applied the statutory formulas set forth in Domestic Relations Law § 236 (B) (5-a) and arrived at a presumptive award of $784.62 per week, but found that the presumptive award was unjust and inappropriate. The court awarded the plaintiff only $75 per week in temporary maintenance, a 96% reduction of the presumptively correct award. However, the record does not support any reduction of the presumptively correct award (*see* Domestic Relations Law § 236 [B] [5-a] [e] [1]), or otherwise lead to the conclusion that the presumptive award is unjust or inappropriate under the circumstances of this case. While an appellate court should rarely modify a temporary maintenance award (*see Weitzner v Weitzner*, 120 AD3d 1406, 1406 [2014]; *Margolin v Margolin*, 117 AD3d 996, 996 [2014]; *Renga v Renga*, 86 AD3d 634, 635 [2011]), here, we conclude that justice requires an award equal to the statutorily presumptive award. Accordingly, we increase the award of temporary maintenance to the extent indicated (*see generally Chusid v Silvera*, 110 AD3d 660, 661 [2013]; *Balkin v Balkin*, 8 AD3d 416, 417-418 [2004]).

The Supreme Court also improvidently exercised its discretion in awarding the plaintiff an attorney's fee in the sum of only $2,500. Considering the parties' relative circumstances, including the disparity in the parties' respective incomes, and considering all of the relevant factors, an award of an attorney's fee in the sum of $7,500 is appropriate (*see* Domestic Relations Law § 237 [a]; *Amante v Amante*, 78 AD3d 622 [2010]; *Prichep v Prichep*, 52 AD3d 61 [2008]). Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.