■ JAVERIA SHAKIL, Appellant, v MUHAMMAD U. REHMAN, Respondent. [23 NYS3d 289]—

Appeal from stated portions of an order of the Supreme Court, Queens County (Lenora Gerald, J.), dated March 31, 2014. The order, inter alia, directed the defendant to pay only $100 per month toward temporary maintenance arrears and denied that branch of the plaintiff's motion which was for an award of interim counsel fees.

Ordered that the order is modified, on the facts and in the exercise of discretion, by (1) deleting the provision thereof directing the defendant to pay $100 per month toward temporary maintenance arrears, and substituting therefor a provision directing the defendant to pay $100 per week toward temporary maintenance arrears, and (2) deleting the provision thereof denying that branch of the plaintiff's motion which was for an award of interim counsel fees, and substituting therefor a provision granting that branch of the plaintiff's motion to the extent of awarding her interim counsel fees in the sum of $15,000; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff commenced this action for a divorce and subsequently moved, inter alia, for an award of temporary maintenance and interim counsel fees. In the order appealed from, the Supreme Court, among other things, awarded the

plaintiff retroactive temporary maintenance, directed the defendant to pay $100 per month toward temporary maintenance arrears, and denied that branch of the plaintiff's motion which was for an award of interim counsel fees.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in directing the defendant to pay temporary maintenance arrears in periodic sums rather than in one lump sum (*cf.* Domestic Relations Law § 236 [B] [6] [a]; [7] [a]). However, given the parties' financial circumstances and the amount of retroactive temporary maintenance due, the court improvidently exercised its discretion in directing the defendant to pay only $100 per month toward temporary maintenance arrears. Under the circumstances, a directive that the husband pay $100 per week toward temporary maintenance arrears is appropriate.

The Supreme Court also improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for an award of interim counsel fees. "An award of interim counsel fees ensures that the nonmonied spouse will be able to litigate the action, and do so on equal footing with the monied spouse" (*Prichep v Prichep*, 52 AD3d 61, 65 [2008]; *see O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]). Considering the parties' financial circumstances, including the disparity in the parties' respective incomes and available cash, an award of counsel fees to the plaintiff, as the less-monied spouse, in the sum of $15,000 is appropriate (*see* Domestic Relations Law § 237 [a]; *Prichep v Prichep*, 52 AD3d at 65-66).

The plaintiff's remaining contention is without merit. Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.