■ GAIL MARIE DUVAL, Appellant, v MICHAEL DUVAL, Respondent. [40 NYS3d 535]—

Appeals by the plaintiff from (1) an order of the Supreme Court, Suffolk County (Carol Mackenzie, J.), dated March 19, 2014, (2) an order of that court dated April 7, 2014, and (3) an amended judgment of divorce of that court entered February 18, 2015. The order dated March 19, 2014, granted the plaintiff's motion for an award of counsel fees only to the extent of awarding her counsel fees in the amount of $10,000. The order dated April 7, 2014, insofar as appealed from, denied that branch of the plaintiff's motion which was to direct the defendant to pay counsel fees in the amount of $50,000, which had been awarded to the plaintiff's original counsel in an order of that court dated February 18, 2014. The amended judgment, insofar as appealed from, awarded the plaintiff maintenance in the amount of $12,000 per month for eight years or until the defendant retired, whichever occurred first, and, upon the orders dated March 19, 2014, and April 7, 2014, directed the defendant to pay counsel fees in the amount of $10,000 to the plaintiff's trial counsel.

Ordered that the appeals from the orders dated March 19, 2014, and April 7, 2014, are dismissed, without costs or disbursements; and it is further,

Ordered that the amended judgment is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff maintenance in the amount of $12,000 per month for eight years or until the defendant retired, whichever occurred first, and substituting therefor a provision awarding the plaintiff maintenance in the amount of $12,000 per month until her 65th birthday, and (2) by deleting the provision thereof directing the defendant to pay counsel fees in the amount of $10,000 to the plaintiff's trial counsel; as so modified, the amended judgment is affirmed insofar as appealed from, without costs or disbursements, and the determination in the order dated March 19, 2014, granting the plaintiff's motion to the extent of directing the defendant to pay counsel fees in the amount of $10,000 to the plaintiff's trial counsel, and the determination in the order dated April 7, 2014, denying that branch of the plaintiff's motion which was to direct the defendant to pay counsel fees in the amount of $50,000 to plaintiff's original counsel are vacated; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment thereafter.

The appeals from the orders dated March 19, 2014, and April 7, 2014, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the amended judgment (*see* CPLR 5501 [a] [1]).

The plaintiff and the defendant were married on August 25, 1991. They are both 56 years old. During the course of their marriage, the parties had two children, one of whom is emancipated. In 1992, shortly before the birth of their first child, the defendant became the sole source of financial support for the family. The plaintiff was a stay-at-home mother prior to the commencement of this divorce action. In approximately 1999, the plaintiff's father, an insurance agent, retired, and the defendant took over his father-in-law's insurance agency.

The plaintiff commenced this action by summons dated March 7, 2011. In March 2013, the plaintiff's original counsel moved to be relieved and requested a charging lien against the plaintiff's proceeds from any judgment in the action. In an order dated April 16, 2013, the Supreme Court granted the motion of original counsel to be relieved as counsel, but denied the request for a charging lien. The plaintiff thereafter retained another law firm (hereinafter trial counsel) which represented the plaintiff during the trial.

Thereafter, the plaintiff's original counsel moved to reargue its request for a charging lien. In an order dated June 14, 2013, the Supreme Court granted the motion to reargue and directed a hearing on the issue of the reasonableness of the fees sought by the original counsel. Although the hearing was held before the trial commenced, the court reserved decision until after the conclusion of the trial. The trial concluded on December 16, 2013. On January 9, 2014, the plaintiff moved for an award of counsel fees to her trial counsel, in the amount of $130,058.07.

In an order dated February 18, 2014, the Supreme Court granted the motion of the plaintiff's original counsel for counsel fees and ordered the plaintiff to pay the firm $50,000. In an order dated March 19, 2014, the court granted the plaintiff's motion for an award of counsel fees to her trial counsel, but only to the extent of directing the defendant to pay $10,000 to the plaintiff's trial counsel.

On March 10, 2014, the plaintiff moved for a stay of the order directing her to pay $50,000 to her original counsel and for an order directing the defendant to pay that amount. In an

order dated April 7, 2014, the Supreme Court denied the motion and directed the plaintiff to pay $50,000 to her original counsel.

The amended judgment of divorce (hereinafter the judgment) was entered February 18, 2015. Pursuant to the judgment, the plaintiff was awarded maintenance in the amount of $12,000 per month for eight years "or until defendant retires, whichever shall first occur." The judgment also, upon the order dated March 19, 2014, directed the defendant to pay counsel fees in the amount of $10,000 to the plaintiff's trial counsel.

"[T]he duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (*Gillman v Gillman*, 139 AD3d 667, 670 [2016]). "In determining the amount and duration of an award of maintenance, the Supreme Court 'must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living of the parties, the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance' " (*Marley v Marley*, 106 AD3d 961, 962 [2013], quoting *Giokas v Giokas*, 73 AD3d 688, 689 [2010]). This Court's authority in determining the issue of maintenance is as broad as that of the trial court (*see DiNozzi v DiNozzi*, 74 AD3d 866, 867 [2010]).

Here, the Supreme Court improvidently exercised its discretion in awarding maintenance to the plaintiff in the amount of $12,000 per month for eight years "or until defendant retires, whichever shall first occur" (*see e.g. Gillman v Gillman*, 139 AD3d at 670; *Marley v Marley*, 106 AD3d at 962). Under the circumstances of this case, including the parties' ages, respective earning potentials, predivorce standard of living, relative incomes, and available assets, the court should have awarded maintenance to the plaintiff in the amount of $12,000 per month until her 65th birthday (*see e.g. Gillman v Gillman*, 139 AD3d at 670; *Marley v Marley*, 106 AD3d at 962; *see generally Hendry v Pierik*, 78 AD3d 784, 785 [2010]).

In a divorce action, pursuant to Domestic Relations Law § 237 (a), counsel who represents a nonmonied spouse may seek interim counsel fees from the monied spouse (*see O'Connor v O'Connor*, 89 AD3d 703, 704 [2011]). The purpose of an award of interim counsel fees is to ensure that the less monied spouse will be able to litigate the action on equal footing with the

monied spouse (*see Calderon v Esenova*, 132 AD3d 711, 713 [2015]; *Prichep v Prichep*, 52 AD3d 61, 65 [2008]).

In determining whether to award final counsel fees at the end of trial, a more detailed inquiry is warranted and the court must "review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *see Prichep v Prichep*, 52 AD3d at 64-65; *Ciampa v Ciampa*, 47 AD3d 745, 748 [2008]). The court may also consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (*see Prichep v Prichep*, 52 AD3d at 64-65; *Timpone v Timpone*, 28 AD3d 646, 646 [2006]; *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]). At that point, the court is in the best position to determine whether counsel fees should be charged to the moneyed spouse, or charged to the less moneyed spouse as an offset against the equitable distribution award ultimately received, or divided between the parties (*see Prichep v Prichep*, 52 AD3d at 66).

Here, the Supreme Court failed, at the end of the trial, to consider the total amount of counsel fees expended by the parties, and to then make a determination as to how these fees should be apportioned, taking into account the financial circumstances of the parties, the conduct of the parties throughout the litigation, and any interim payments previously made. Given the procedural posture of the action at the time, that branch of the plaintiff's March 10, 2014, motion which was to direct the defendant to pay the counsel fees awarded to the plaintiff's original counsel should have been considered as part of the final counsel fee determination. Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for a determination by the court of the total amount of counsel fees expended in this action and an apportionment of such fees between the parties taking into account the aforementioned considerations, and for a new determination thereafter of the plaintiff's motion for an award of counsel fees to her trial counsel, and that branch of her motion which was to direct the defendant to pay counsel fees in the amount of $50,000 to her original counsel (*see Tenaglia v Tenaglia*, 134 AD3d 801, 803 [2015]; *Stern v Stern*, 114 AD2d 408, 410 [1985]). The court is directed to detail its reasons for any fee award it makes.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.