Cohen v Cohen (2018 NY Slip Op 02596)





Cohen v Cohen


2018 NY Slip Op 02596


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-13143
 (Index No. 202619/11)

[*1]Ilan Cohen, respondent, 
v
Tamara Cohen, appellant.


Quatela Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated November 7, 2016. The order denied the defendant's motion for an award of an interim attorney's fee.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendant's motion for an award of an interim attorney's fee is granted to the extent of awarding her an interim attorney's fee in the sum of $30,000, subject to reallocation after trial if deemed appropriate by the Supreme Court.
The parties were married in 2000 and are the parents of three unemancipated children. In 2011, the plaintiff commenced this action for a divorce and ancillary relief. The plaintiff moved to disqualify the law firm representing the defendant in this action, and by order dated September 26, 2012, the Supreme Court denied the motion. The plaintiff appealed from that order, and the defendant moved for an award of appellate counsel fees in the sum of $13,000 to defend against the plaintiff's appeal.
In 2013, the plaintiff moved for a schedule of parenting time with the children, and the defendant cross-moved for an award of an interim attorney's fee. In her cross motion, the defendant asserted that she was a homemaker with no steady income. By order dated July 15, 2013, the Supreme Court found that the plaintiff, a self-employed real estate developer, was the monied spouse and awarded the defendant $30,000 as an interim attorney's fee. The court noted that in opposition to the defendant's cross motion, the plaintiff alleged that the defendant was employed throughout the marriage but failed to provide any evidence regarding her income and failed to file a statement of net worth. The plaintiff appealed from the order dated July 15, 2013, and this Court affirmed the order insofar as appealed from (see Cohen v Cohen, 134 AD3d 881). By order dated [*2]August 19, 2013, the Supreme Court granted the defendant's motion for an award of appellate counsel fees in the sum of $13,000 to defend against the plaintiff's appeal from the order dated September 26, 2012.
In 2015, the defendant moved for pendente lite relief, including an award of an interim attorney's fee in the sum of $100,000. By order dated April 24, 2015, the Supreme Court granted that branch of the defendant's motion which was for an award of an interim attorney's fee to the extent of awarding her the sum of $50,000. In that order, the court noted that the plaintiff had not yet paid the defendant's $13,000 appellate counsel fee award. It also noted that a judgment had been entered by the Nassau County Clerk in the sum of $30,331.92, reflecting the plaintiff's failure to pay the $30,000 interim attorney's fee award from July 2013. By order dated April 6, 2016, the court, upon the defendant's motion, awarded her an interim attorney's fee in the sum of $10,000. In September 2016, the defendant moved for an award of an interim attorney's fee in the sum of $34,392.50. The motion was supported, inter alia, by the affidavit of the defendant's new attorney indicating that he had been retained on September 9, 2016, and that he required payment of a $30,000 retainer. The plaintiff opposed the motion but failed to provide an updated statement of net worth. By order dated November 7, 2016, the court denied the motion. The defendant appeals from that order.
"The Domestic Relations Law provides that, in an action for divorce, the court may direct either spouse . . . to pay such sum or sums of money directly to the attorney of the other spouse to enable that spouse to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties'" (Prichep v Prichep, 52 AD3d 61, 64, quoting Domestic Relations Law § 237[a]). " The decision to award an attorney's fee lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court'" (Peritore v Peritore, 50 AD3d 874, 874-875, quoting Burger v Holzberg, 290 AD2d 469, 471). An award of interim counsel fees "is designed to redress the economic disparity between the monied spouse and the non-monied spouse" (O'Shea v O'Shea, 93 NY2d 187, 190), and "ensures that the nonmonied spouse will be able to litigate the action, and do so on equal footing with the monied spouse" (Prichep v Prichep, 52 AD3d at 65; see Shakil v Rehman, 134 AD3d 1093; Witter v Daire, 81 AD3d 719, 720; Amante v Amante, 78 AD3d 622). The issue of interim counsel fees is controlled by the equities of the case and the financial circumstances of the parties, and such fees will generally be warranted where there is a significant disparity in the parties' financial circumstances (see Dunleavy v Dunleavy, 125 AD3d 832, 833; Carlin v Carlin, 120 AD3d 734, 735; Palmeri v Palmeri, 87 AD3d 572).
Here, the Supreme Court improvidently exercised its discretion in denying the defendant's motion made in September 2016 for an award of an interim attorney's fee. Considering all of the relevant factors, including the parties' relative circumstances, the disparity in their respective incomes, the plaintiff's failure to pay the earlier interim counsel fee awards, and his failure to file an updated statement of net worth, we find, in the exercise of discretion, that an award of an attorney's fee in the sum of $30,000 is appropriate, subject to reallocation after trial if deemed appropriate by the court (see Shakil v Rehman, 134 AD3d 1093; Dunleavy v Dunleavy, 125 AD3d 832; Amante v Amante, 78 AD3d 622; Prichep v Prichep, 52 AD3d 61).
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court