Pezzollo v Pezzollo (2019 NY Slip Op 04741)





Pezzollo v Pezzollo


2019 NY Slip Op 04741


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-09225
 (Index No. 202857/14)

[*1]Joan Pezzollo, plaintiff, 
v
Eugene Pezzollo, respondent; Tabat, Cohen, Blum & Yovino, PC, nonparty-appellant.


Tabat, Cohen, Blum & Yovino, PC, Hauppauge, NY (Gary H. Tabat and Dean M. Villani of counsel), nonparty-appellant pro se.
Schlissel Ostrow Karabatos PLLC, Garden City, NY (Jennifer Rosenkrantz of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, nonparty Tabat, Cohen, Blum & Yovino, PC, appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), dated July 25, 2016. The order, insofar as appealed from, denied those branches of the consolidated motions of the plaintiff and the nonparty which were to direct the defendant to pay additional interim counsel fees to the nonparty in the total sum of $78,379.86.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and those branches of the consolidated motions of the plaintiff and the nonparty which were to direct the defendant to pay additional interim counsel fees to the nonparty are granted to the extent that the defendant is directed to pay additional interim counsel fees to the nonparty in the total sum of $58,784.90, and those branches of the consolidated motions are otherwise denied.
The parties were married in 2001, and there are two children of the marriage. In September 2014, the plaintiff commenced this action for a divorce and ancillary relief. The plaintiff was then a 49-year-old stay-at-home mother. The defendant was a 61-year-old oral surgeon, who earned $1.26 million in salary and partnership income from his medical practice in 2013. In March 2015, the plaintiff was awarded certain pendente lite relief, including interim counsel fees in the sum of $25,000. In March 2016, the plaintiff moved to direct the defendant to pay her attorney, nonparty Tabat, Cohen, Blum & Yovino, PC (hereinafter the law firm), the sum of $50,000 in additional interim counsel fees. The law firm thereafter moved, inter alia, to direct the defendant to pay it the further sum of $28,379.86 in additional interim counsel fees, and to consolidate the motions. In the alternative, the law firm sought leave to withdraw as the plaintiff's counsel in the event that all of the requested relief was not granted.
In an order dated July 25, 2016, the Supreme Court granted those branches of the law firm's motion which were to consolidate the motions and for leave to withdraw as the plaintiff's counsel, and otherwise denied the motions. The law firm appeals.
Preliminarily, contrary to the defendant's contention, the law firm is aggrieved by the order on appeal despite the fact that the relief the law firm sought in the alternative was granted (see RCI Plumbing Corp. v Turner Towers Tenant Corp., 152 AD3d 723, 723; Matter of Stateway Plaza Shopping Ctr. v Assessor of City of Watertown, 87 AD3d 1359, 1360; Scharlack v Richmond Mem. Hosp., 127 AD2d 580, 581; cf. Alberi v Rossi, 117 AD2d 574).
A court in a divorce action may award counsel fees to a spouse "to enable [that spouse] to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237[a]). "An award of interim counsel fees is designed to redress the economic disparity between the monied spouse and the non-monied spouse, and ensures that the nonmonied spouse will be able to litigate the action, and do so on equal footing with the monied spouse" (Cohen v Cohen, 160 AD3d 804, 806 [internal citations and quotation marks omitted]; see O'Shea v O'Shea, 93 NY2d 187, 190; Shakil v Rehman, 134 AD3d 1093, 1094; Witter v Daire, 81 AD3d 719, 720; Prichep v Prichep, 52 AD3d 61, 65). There is a rebuttable presumption that interim counsel fees shall be awarded to the less monied spouse (see Domestic Relations Law § 237[a]), and courts "should normally exercise their discretion to grant such a request made by the nonmonied spouse, in the absence of good cause" to deny the request (Prichep v Prichep, 52 AD3d at 65; see Carlin v Carlin, 120 AD3d 734, 735).
Here, considering the equities of the case and the financial circumstances of the parties, the Supreme Court should have directed the defendant to pay additional interim counsel fees to the law firm. Even taking into account the pendente lite relief awarded to the plaintiff and the defendant's voluntary sale of his interest in his medical practice, the defendant remained the monied spouse, and he failed to rebut the presumption that additional interim counsel fees should be awarded to the plaintiff as the nonmonied spouse (see E.J.L. v K.L.L., 38 Misc 3d 389, 406 [Sup Ct, Monroe County]; Darby v Darby, 35 Misc 3d 1235[A], 2012 NY Slip Op 510049[U] [Sup Ct, Kings County]). Exercising this Court's discretionary authority, which is as broad as that of the Supreme Court (see Cohen v Cohen, 160 AD3d at 806), we determine that an award of 75% of the total combined sum requested, or $58,784.90, is appropriate under the circumstances (see Domestic Relations Law § 237[a]; Shakil v Rehman, 134 AD3d 1093; Prichep v Prichep, 52 AD3d at 65). We note that the requested fees were incurred following the plaintiff's prior award of interim counsel fees. Therefore, contrary to the defendant's contention, there is no duplication of fees. We further note that our analysis applied to the granting of interim counsel fees to ensure that the plaintiff "will be able to litigate this action on equal footing" with the defendant (Duvall v Duvall, 144 AD3d 739, 742-743; see Prichep v Prichep, 52 AD3d at 65). A more detailed analysis of the relative financial circumstances of the parties will be addressed after trial and any interim awards will ultimately be considered by the trial court in the context of an overall resolution of the parties' financial claims (see Duvall v Duvall, 144 AD3d at 743; see also DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Prichep v Prichep, 52 AD3d at 66).
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court