Tuchman v Tuchman (2022 NY Slip Op 00455)





Tuchman v Tuchman


2022 NY Slip Op 00455


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-11605
 (Index No. 5016/12)

[*1]Brenda Tuchman, appellant-respondent,
v
Nelson M. Tuchman, respondent-appellant.


Law Offices of Daniel B. Nottes, PLLC, New York, NY, for appellant-respondent.
Morris Tuchman, New York, NY (Stephen J. Riegel of counsel), for respondent-appellant.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated August 31, 2018, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated August 5, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for an award of attorney's fees to the extent of awarding her attorney's fees in the sum of only $13,643.81. The order, insofar as cross-appealed from, granted that branch of the plaintiff's motion which was for an award of attorney's fees to the extent of awarding her attorney's fees in the sum of $13,643.81.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties were divorced by judgment dated August 31, 2018. In February 2019, the plaintiff moved, inter alia, to enforce certain provisions of the judgment of divorce, and for an award of attorney's fees in the sum of at least $25,000. The plaintiff subsequently amended the request set forth in her motion to seek an award of attorney's fees in the sum of $34,284.86. In an order dated August 5, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for an award of attorney's fees to the extent of awarding her attorney's fees in the sum of $13,643.81. The plaintiff appeals and the defendant cross-appeals.
Domestic Relations Law § 238 authorizes a court, in its discretion, to award counsel fees in a proceeding to enforce the provisions of a divorce judgment (see id.). There is "rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (id.), who in this case is the plaintiff. The amount of the award is a matter within the sound discretion of the trial court (see DeCabrera v Cabrera-Rosete, 70 NY2d 879). "In exercising [its] discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party has delayed the proceedings or engaged in unnecessary litigation" (Piccininni v Piccininni, 176 AD3d 880, 881; see Jankovic v Jankovic, 170 AD3d 1134, 1135; Prichep v Prichep, 52 AD3d 61, 65).
Here, considering the equities and circumstances of this case, the Supreme Court [*2]providently exercised its discretion in awarding the plaintiff attorney's fees in the sum of $13,643.81 (see Domestic Relations Law § 238; Boukas v Boukas, 163 AD3d 755).
The parties' remaining contentions are without merit.
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court