Weir v Weir

2026 NY Slip Op 02950

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Dan Weir, Respondent,

v

Pam Thur Weir, Appellant.

Decided and Entered: May 12, 2026

Index No. 313319/11|Appeal No. 6755|Case No. 2025-01762|

Before: Moulton, J.P., GonzáLez, Shulman, Chan, JJ.

Mauro Lilling Naparty, LLP, Woodbury (Aaron Zucker of counsel), for appellant.

Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Jeffrey H. Pearlman, J.), entered March 7, 2025, which denied defendant wife's motion for counsel fees, and granted plaintiff husband's cross-motion to the extent of determining that the parties' elder child became emancipated upon reaching the age of 21, reduced the basic child support amount to $115,000 per year, and awarded the husband a credit as an offset against his basic child support obligation for his payment of the younger child's college room and board expenses, unanimously modified, on the law, to the extent of vacating the room and board credit, and determining that the denial of defendant's request for counsel fees should be without prejudice, and otherwise affirmed, without costs.

The motion court providently exercised its discretion in concluding that, in the absence of an agreement extending the husband's child support obligation beyond the statutory age of 21, no such obligation existed (see Ciampa v Ciampa, 47 AD3d 745, 748 [2d Dept 2008]). Accordingly, the parties' elder child became emancipated upon reaching the age of 21, and the court properly terminated the husband's child support obligation as to her. Although the emancipation of one child does not automatically reduce an unallocated child support award, the husband demonstrated that maintaining the existing amount for only the unemancipated child was excessive, in light of the fact that the unemancipated child is away at college for the majority of the year.

Nevertheless, the motion court erred in awarding a room and board credit because the parties' agreement required the husband to pay educational expenses in addition to his child support obligation without any offset (see Goldberg v Goldberg, 144 AD3d 475, 475 [1st Dept 2016]). Although the oral stipulation did not expressly address college expenses, the judgment of divorce and findings of fact imposed upon the husband an obligation to pay 93 percent of the children's educational expenses "in addition to" basic child support. That language reflected a clear allocation of financial responsibilities, treating child support and educational expenses as distinct obligations.

[*2]

Contrary to the husband's contention, the issue of counsel fees is properly before this Court because the motion court's failure to rule on the wife's counsel fees request is deemed a denial of that branch of her motion (see Brown v U.S. Vanadium Corp., 198 AD2d 863, 864 [4th Dept 1993]). While we find that the wife did not establish that she was entitled to counsel fees at this stage, her request should be addressed at the forthcoming financial hearing. The parties dispute their respective financial circumstances, including which party is the monied spouse, and those issues, along with any necessary credibility determinations, are more amenable to resolution following the evidentiary hearing before the Special Referee. While the wife correctly notes that the 2016 finding that the husband is the monied spouse is a relevant consideration, it is not dispositive in light of the passage of time and the potential for changed financial circumstances.THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026