■ DAVID FERDINAND, Appellant, v PAULETTE FERDINAND, Respondent. [733 NYS2d 909] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated April 25, 2000, which, *inter alia*, granted the motion of the defendant wife for pendente lite relief to the extent of awarding her temporary maintenance in the sum of $250 per week, an interim counsel fee of $3,000, and an expert fee of $5,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the financial information submitted by the defendant, including her W-2 statements for 1999, was sufficient to permit the Supreme Court to assess the parties' respective financial circumstances (*cf., Mockler v Mockler,* 205 AD2d 510). Furthermore, the Supreme Court properly determined the defendant's motion for pendente lite relief without a hearing. The remedy for any perceived inequity in a pendente lite award is a speedy trial (*see, Hoenig v Hoenig,* 245 AD2d 262; *Hudak v Hudak,* 222 AD2d 404).

The award of temporary maintenance to the defendant was a provident exercise of discretion, and the appellant failed to present sufficient evidence to support his contention that he is unable to meet his financial obligations (*see, Piali v Piali,* 247 AD2d 455; *Hoenig v Hoenig, supra*). Furthermore, the defendant provided sufficient documentation to support her request for interim counsel and expert fees. The award of such fees was a provident exercise of discretion considering the issues in the case and the parties' respective financial circumstances (*see, Piali v Piali, supra*; *Ahern v Ahern,* 94 AD2d 53; Domestic Relations Law § 237 [a], [d]).

The appellant's remaining contentions are without merit. O'Brien, J. P., Florio, Schmidt and Townes, JJ., concur.