■ Lesli K. Sterling, Respondent, v Mark J. Sterling, Appellant. [757 NYS2d 530] —Supplemental judgment, Supreme Court, New York County (Marylin Diamond, J.), entered August 28, 2001, inter alia, denying defendant husband equitable distribution with respect to plaintiff wife's acting career, awarding defendant maintenance of $18,000 for one year, and denying defendant counsel fees, unanimously modified, on the law and the facts, to award defendant maintenance of $18,000 per year for three years, to grant defendant counsel fees of $25,000, and otherwise affirmed, without costs.

The record supports the trial court's finding that plaintiff is not a celebrity whose acting career has resulted in the realization of enhanced or exceptional earnings distributable in accordance with *Elkus v Elkus* (169 AD2d 134 [1991], *lv dismissed* 79 NY2d 851 [1992]). Plaintiff, whose supporting role in a daytime soap opera is her first and only high-paying job, does not have a proven record of obtaining lucrative acting roles, has not risen to the top of her field and is not an exceptional wage earner. As the trial court explained, defendant confuses plaintiff's increase in income during the marriage with an increase in her income-earning capacity. In any event, as the trial court alternatively found, it does not appear that defendant contributed to plaintiff's career. The court's maintenance award, however, was inadequate, given the preseparation standard of living and since any maintenance award will be taxable to defendant. Given the circumstances of this case, defendant's maintenance award is increased to $18,000 per year for three years.

While an award of counsel fees is within the discretion of the trial court (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]), plaintiff is in a clearly superior financial position. Defendant submitted documentation of attorneys' fees in excess of $25,000, and the record supports the finding that an award of attorneys' fees is required to ensure counsel for defendant. (*Charpie v Charpie*, 271 AD2d 169 [2000].) We therefore award defendant $25,000 in counsel fees, inclusive of work performed on this appeal. We have considered the parties' other claims for affirmative relief and find them to be without merit. Concur—Buckley, P.J., Mazzarelli, Andrias, Saxe and Friedman, JJ.