■ Silvana Penavic, Appellant, v Kresimir Penavic, Respondent. [877 NYS2d 118]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated March 12, 2008, as denied those branches of her motion which were for an upward modification of pendente lite maintenance and child support, and payment of her property taxes by the defendant husband, and referred that branch of her motion which was for an award of interim counsel fees in the sum of $250,000 to the trial court.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof referring that branch of the motion which was for an award of interim counsel fees in the sum of $250,000 to the trial court and substituting therefor a provision granting that branch of the motion to the extent of awarding the wife interim counsel fees in the sum of $100,000 without prejudice to future applications; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff wife and the defendant husband were married on November 25, 1989, and have four minor children. Although they both obtained graduate degrees, the wife left the work force in the 1990s to become primarily a homemaker and parent to their infant children. The husband's income in the hedge fund business grew steadily and was in excess of $1 million per year as of 1998, permitting the family to enjoy a lavish lifestyle that included au pairs, housekeepers, and luxury trips abroad.

The wife commenced the instant action for divorce against the husband in 2003. In 2006, the husband provided funds for the purchase of a separate residence for the wife worth approximately $1 million, and the parties stipulated that the husband would pay pendente lite maintenance and child support totaling $12,000 per month, health care costs for the family, educational and extracurricular costs for the children, and a one-year payment of $25,000 in travel costs for the wife. The husband also advanced the wife $250,000 from her equitable distribution. It is undisputed that he was able to make these payments since he had an adjusted gross income at the time of over $2.7 million per year.

By 2007, the wife lacked the funds to pay for certain home repairs and her property taxes; she also owed her lawyer substantial fees. As a result, the wife moved, inter alia, for an upward modification of pendente lite maintenance and child support, and an award of an interim counsel fee in the sum of $250,000. The Supreme Court denied the branches of the mo-

tion concerning pendente lite mainteannce and child support, and referred the wife's request for interim counsel fees to the trial court.

The Supreme Court properly denied that branch of the wife's motion which was for an upward modification of pendente lite maintenance and child support, as she failed to establish a substantial change in circumstances (*see* Domestic Relations Law § 236 [B] [9] [b]; *Gillings v Gillings,* 56 AD3d 424 [2008]). "[T]he best remedy for any perceived inequities in the pendente lite award is a speedy trial, at which the disputed issues concerning the parties' financial capacity and circumstances can be fully explored" (*Gillings v Gillings,* 56 AD3d at 424; *see Wald v Wald,* 44 AD3d 848, 849-850 [2007]; *Gitter v Gitter,* 208 AD2d 895 [1994]).

However, the Supreme Court improperly referred the wife's request for interim counsel fees to the trial court (*see* Domestic Relations Law § 237 [a]; *O'Shea v O'Shea,* 93 NY2d 187, 190 [1999]; *Prichep v Prichep,* 52 AD3d 61, 65 [2008]; *Wald v Wald,* 44 AD3d at 850). "[A]n award of interim counsel fees to the nonmonied spouse will generally be warranted where there is a significant disparity in the financial circumstances of the parties. Accordingly, courts should not defer requests for interim counsel fees to the trial court, and should normally exercise their discretion to grant such a request made by the nonmonied spouse, in the absence of good cause" (*Prichep v Prichep,* 52 AD3d at 65 [citation omitted]; *see Lutz v Goldstone,* 38 AD3d 720, 721 [2007]; *Popelaski v Popelaski,* 22 AD3d 735, 738 [2005]).

Contrary to the Supreme Court's assertion that each of the parties possesses ample assets to cover his or her own counsel fees, the wife is currently unemployed outside the home, being a parent to their children and a homemaker, who has no independent source of income. On the other hand, the husband is an extremely successful executive, who enjoyed an adjusted gross income of more than $2.7 million in 2006, and is capable of " ' "wearing down or financially punishing the opposition by recalcitrance, or by prolonging the litigation" ' " (*Prichep v Prichep,* 52 AD3d at 65, quoting *Gober v Gober,* 282 AD2d 392, 393 [2001]; *see Levy v Levy,* 4 AD3d 398 [2004]).

"Where the parties' respective financial positions give one a distinct advantage over the other, the court may direct the monied spouse to pay counsel fees" (*Kaplan v Kaplan,* 28 AD3d 523, 523 [2006]; *see Peritore v Peritore,* 50 AD3d 874, 875 [2008]; *Sterling v Sterling,* 303 AD2d 290 [2003]). Accordingly, the wife is entitled to an award of interim counsel fees in the amount of

$100,000, payable by the husband, for services rendered and anticipated from July 2006. This award is without prejudice to any future application by the wife for additional counsel fees (*see Wechsler v Wechsler,* 19 AD3d 157, 158 [2005]; *Block v Block,* 245 AD2d 153 [1997]).

The wife's remaining contention is without merit. Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur.