ERIN P. GAFFNEY-ROMANELLO, Respondent, v SALVATORE JUDE ROMANELLO, Appellant. [918 NYS2d 736]—

"An award of interim counsel fees ensures that the nonmonied spouse will be able to litigate the action, and do so on equal footing with the monied spouse" (*Prichep v Prichep*, 52 AD3d 61, 65 [2008]; *see O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]; *Meltzer v Meltzer*, 63 AD3d 702, 703 [2009]; *Wald v Wald*, 44 AD3d 848, 850 [2007]). Unlike a final award of counsel fees, a detailed inquiry or evidentiary hearing is not required prior to the award of interim counsel fees (*see Isaacs v Isaacs*, 71 AD3d 951 [2010]; *Prichep v Prichep*, 52 AD3d at 65). Here, based on the apparent disparity in the parties' relative financial positions, the Supreme Court did not improvidently exercise its discretion in awarding interim counsel fees to the plaintiff (*see* Domestic Relations Law § 237 [a]; *Rosenbaum v Rosenbaum*, 55 AD3d 713, 714 [2008]; *Prichep v Prichep*, 52 AD3d at 65-66).

The defendant's remaining contentions are without merit. Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur.

MAYWATTIE PERSAUD GARDNER, Individually and as Administratrix of the Estate of ANTHONY LEWIS GARDNER,