■ MICHAEL PALMERI, Appellant, v CINDY PALMERI, Respondent. [929 NYS2d 153]—

An award of interim counsel fees is designed to create parity in divorce litigation by enabling the nonmonied spouse to litigate the action on equal footing with the monied spouse (*see O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]; *Gaffney-Romanello v Romanello*, 82 AD3d 930 [2011]; *Meltzer v Meltzer*, 63 AD3d 702 [2009]; *Prichep v Prichep*, 52 AD3d 61, 65 [2008]). Thus, "an award of interim counsel fees to the nonmonied spouse will generally be warranted where there is a significant disparity in the financial circumstances of the parties" (*Prichep v Prichep*, 52 AD3d at 65). Here, the husband earned more than $3 million from his medical practice in 2008, and the resources available to him far exceed those available to the wife, who was unemployed at the time she sought pendente lite relief. Under these circumstances, the Supreme Court providently exercised its discretion in awarding her interim counsel fees totaling $140,000 (*see Witter v Daire*, 81 AD3d 719, 720 [2011]; *Amante v Amante*, 78 AD3d 622 [2010]; *Penavic v Penavic*, 60 AD3d 1026, 1028-1029 [2009]; *Prichep v Prichep*, 52 AD3d at 66-67; *Dodson v Dod-*

*son*, 46 AD3d 305 [2007]; *Stubbs v Stubbs*, 41 AD3d 832, 833 [2007]).

Furthermore, the husband has demonstrated no basis on which to modify the award of temporary maintenance to the wife. "Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires" (*Malik v Malik*, 66 AD3d 968, 968 [2009] [internal quotation marks omitted]; *see Conyea v Conyea*, 81 AD3d 869, 870 [2011]; *Levy v Levy*, 72 AD3d 651, 652 [2010]; *Bogannam v Bogannam*, 20 AD3d 442 [2005]). The husband has not established that the temporary maintenance obligation imposed upon him by the Supreme Court's pendente lite order will leave him unable to meet his own needs, or that other exigent circumstances warranting modification exist. Accordingly, any perceived inequities in the pendente lite order can best be remedied by a speedy trial, at which the parties' financial circumstances can be throughly explored (*see Conyea v Conyea*, 81 AD3d at 870; *Levy v Levy*, 72 AD3d at 652; *Malik v Malik*, 66 AD3d at 969; *Stubbs v Stabbs*, 41 AD3d at 833; *Bogannam v Bogannam*, 20 AD3d 442 [2005]). Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.