In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Adams, J.), dated November 18, 2011, which denied her motion for *838 an award of interim counsel fees, to direct the plaintiff to pay all fees for services rendered by the attorney for the child and the forensic evaluator, and to direct the plaintiff to pay for certain translation and linguistic services.
Ordered that the order is affirmed, without costs or disbursements.
“An award of interim counsel fees ensures that the nonmonied spouse will be able to litigate the action, and do so on equal footing with the monied spouse” (Prichep v Prichep, 52 AD3d 61, 65 [2008]; see O’Shea v O’Shea, 93 NY2d 187, 193 [1999]; Gaffney-Romanello v Romanello, 82 AD3d 930 [2011]; Meltzer v Meltzer, 63 AD3d 702, 703 [2009]; Wald v Wald, 44 AD3d 848, 850 [2007]). Such an award is generally warranted “where there is a significant disparity in the financial circumstances of the parties” (Prichep v Prichep, 52 AD3d at 65; see Gaffney-Romanello v Romanello, 82 AD3d at 930).
Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendant’s motion which was for an award of interim counsel fees, since the record demonstrated that there was no significant disparity in the parties’ financial circumstances (see Ahmed v Ahmed, 88 AD3d 629 [2011]; see generally DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; Prichep v Prichep, 52 AD3d at 61). Similarly, the court did not improvidently exercise its discretion in denying those branches of the defendant’s motion which were to direct the plaintiff to pay all fees for services rendered by the attorney for the child and the forensic evaluator (see Wesche v Wesche, 77 AD3d 921 [2010]; Cash-Scher v Scher, 299 AD2d 193 [2002]).
The defendant’s contention that the plaintiff should be directed to pay for translation and linguistic services in excess of those services already authorized by the Supreme Court is without merit. Skelos, J.P., Hall, Roman and Cohen, JJ., concur.