■ STACEY FALCONE, Appellant, v MICHAEL FALCONE, Respondent. [971 NYS2d 132]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated March 26, 2012, which granted her motion for an award of interim counsel fees only to the extent of awarding her the sum of $10,000.

Ordered that the order is affirmed, with costs.

The plaintiff contends that the Supreme Court erred in awarding her only $10,000 in interim counsel fees, when she had provided evidence that her unpaid counsel fees as of December 12, 2011, totaled $41,297.21. She contends that the court failed to consider all of the defendant's sources of income. The plaintiff's contentions are without merit.

Domestic Relations Law § 237 provides that in any action for a divorce, the court may direct either spouse to pay counsel fees directly to the attorney of the other spouse to enable the other party to carry on or defend the action as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties. The statute provides that there shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse. A determination of an application for interim counsel fees is committed to the sound discretion of the trial court. Such an award is intended to ensure that the nonmonied spouse "will be able to litigate the action, and do so on equal footing with the monied spouse" (*Prichep v Prichep*, 52 AD3d 61, 65 [2008]; *see Coven v Coven*, 82 AD3d 1144 [2011]). The issue of interim counsel fees is controlled by the equities of the case and the financial circumstances of the parties (*see Silver v Silver*, 46 AD3d 667 [2007]; *Wald v Wald*, 44 AD3d 848 [2007]). An award of interim counsel fees to the nonmonied spouse will generally be warranted where there is a significant disparity in the financial circumstances of the parties (*see Kaminash v Levi*, 102 AD3d 837 [2013]; *Palmeri v Palmeri*, 87 AD3d 572 [2011]; *Penavic v Penavic*, 60 AD3d 1026 [2009]; *Prichep v Prichep*, 52 AD3d 61 [2008]).

The Supreme Court properly found that the defendant was the monied spouse, but that there was no significant disparity in the parties' base salaries. The court considered that the defendant received approximately $25,000 annually in net rental income that was utilized solely by him, and that he had worked as a plumber in the past in addition to his other employment. Given the parties' respective financial circumstances, the court's award of $10,000 in interim counsel fees to the plaintiff was a provident exercise of discretion (*see Messinger v Messinger*, 24 AD3d 631 [2005]; *Ferdinand v Ferdinand*, 289 AD2d 195 [2001]). Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.