In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Queens County (Raffaele, J.), dated February 15, 2013, as granted those branches of the plaintiffs motion which were for pendente lite relief to the extent of directing him to pay temporary maintenance in the sum of $1,150 per month and interim counsel fees in the sum of $5,000.
*1035 Ordered that the order is affirmed insofar as appealed from, with costs.
“Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as when a party cannot meet his or her financial obligations” (Avello v Avello, 72 AD3d 850, 852 [2010]; see Trajkovic v Trajkovic, 98 AD3d 575, 575 [2012]; Flink v Flink, 92 AD3d 833, 833-834 [2012]). “[A]ny perceived inequities in the pendente lite order can best be remedied by a speedy trial, at which the parties’ financial circumstances can be thoroughly explored” (Palmeri v Palmeri, 87 AD3d 572, 573 [2011]; see Flink v Flink, 92 AD3d at 834; Iwanow v Iwanow, 39 AD3d 471, 472 [2007]). Here, the defendant demonstrated no basis upon which to modify the award of temporary maintenance to the plaintiff (see Flink v Flink, 92 AD3d at 834; Palmeri v Palmeri, 87 AD3d at 573).
Furthermore, “[a]n award of [interim] counsel fees pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue ‘is controlled by the equities and circumstances of each particular case’ ” (Prichep v Prichep, 52 AD3d 61, 64 [2008], quoting Morrissey v Morrissey, 259 AD2d 472, 473 [1999]; see Fredericks v Fredericks, 85 AD3d 1107, 1108 [2011]). Considering the financial circumstances of both parties and the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff’s motion which was for an award of interim counsel fees in the sum of $5,000 (see Domestic Relations Law § 237 [a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; Prichep v Prichep, 52 AD3d at 64). Dillon, J.E, Chambers, Austin and Duffy, JJ., concur.