■ LEE CARLIN, Respondent, v REBECCA CARLIN, Appellant. [991 NYS2d 335]—

In an action for a divorce and ancillary relief, the defendant appeals, by permission, from an order of the Supreme Court, Suffolk County (Santorelli, J.), dated December 11, 2012, which referred to the trial court her motion for an award of interim counsel fees in the sum of $307,350 and for an award of expert fees in the sum of $88,246.19. By decision and order on motion dated January 9, 2013, this Court granted that branch of the defendant's motion which was to stay the trial in this action pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, and the defendant's motion is granted to the extent of awarding the defendant interim counsel fees in the sum of $307,350 and expert fees in the sum of $67,111.19, and the motion is otherwise denied.

"Domestic Relations Law § 237 provides that in any action for a divorce, the court may direct either spouse to pay counsel fees directly to the attorney of the other spouse to enable the other party to carry on or defend the action as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (*Falcone v Falcone*, 109 AD3d 787, 788 [2013]; *see* Domestic Relations Law § 237). "The statute provides that there shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (*Falcone v Falcone*, 109 AD3d at 788). "Such an award is intended to ensure that the nonmonied spouse 'will be able to litigate the action, and do so on equal footing with the monied spouse' " (*id.*, quoting *Prichep v Prichep*, 52 AD3d 61, 65 [2008];

see *Coven v Coven*, 82 AD3d 1144, 1145 [2011]). "The issue of interim counsel fees is controlled by the equities of the case and the financial circumstances of the parties" (*Falcone v Falcone*, 109 AD3d at 788; *see Tadesse v Amanu*, 116 AD3d 1034, 1035 [2014]; *Silver v Silver*, 46 AD3d 667, 669 [2007]; *Wald v Wald*, 44 AD3d 848, 850 [2007]). "An award of interim counsel fees to the nonmonied spouse will generally be warranted where there is a significant disparity in the financial circumstances of the parties" (*Falcone v Falcone*, 109 AD3d at 788; *see Kaminash v Levi*, 102 AD3d 837, 838 [2013]; *Palmeri v Palmeri*, 87 AD3d 572, 572 [2011]; *Penavic v Penavic*, 60 AD3d 1026, 1028 [2009]; *Prichep v Prichep*, 52 AD3d 61 [2008]). "Accordingly, courts should not defer requests for interim counsel fees to the trial court, and should normally exercise their discretion to grant such a request made by the nonmonied spouse, in the absence of good cause—for example, where the requested fees are unsubstantiated or clearly disproportionate to the amount of legal work required in the case—articulated by the court in a written decision" (*Prichep v Prichep*, 52 AD3d at 65-66; *see Penavic v Penavic*, 60 AD3d at 1028).

Here, the Supreme Court improvidently exercised its discretion in referring the defendant's motion for interim counsel fees to the trial court for determination. The evidence before the Supreme Court revealed a gross disparity in the parties' income, that the defendant is the nonmonied spouse, and that the plaintiff's income in 2010, when he filed a separate tax return, exceeded $27,000,000 (*see Penavic v Penavic*, 60 AD3d at 1028; *Prichep v Prichep*, 52 AD3d at 66; *Assini v Assini*, 11 AD3d 417, 419 [2004]; *see also Goncalves v Goncalves*, 105 AD3d 901, 903 [2013]; *Palmeri v Palmeri*, 87 AD3d at 572; *Witter v Daire*, 81 AD3d 719, 720 [2011]; *Stubbs v Stubbs*, 41 AD3d 832, 833 [2007]; *cf. Vistocco v Jardine*, 116 AD3d 842 [2014]). This evidence demonstrated that the defendant lacks the resources to litigate this action. In light of the significant economic disparity between the parties, and based on the documentation submitted by the defendant in support of her motion, the Supreme Court should have awarded her interim counsel fees in the sum of $307,350. On this record, based on the amount of legal fees that the defendant has incurred or will imminently incur (*see Witter v Daire*, 81 AD3d at 720; *Penavic v Penavic*, 60 AD3d at 1028-1029), this award is sufficient to ensure that the defendant may litigate this action on equal footing with the plaintiff (*see Isaacs v Isaacs*, 71 AD3d 951, 951 [2010]; *see generally Prichep v Prichep*, 52 AD3d at 65).

"The award of expert witness fees in a matrimonial action is

left to the sound discretion of the trial court, but such awards should not be made routinely" (*Avello v Avello*, 72 AD3d 850, 852 [2010]; *see Vistocco v Jardine*, 116 AD3d at 844; *O'Donnell v O'Donnell*, 2 AD3d 604, 605 [2003]). "They should be made upon a detailed showing of the services to be rendered and the estimated time involved" (*Avello v Avello*, 72 AD3d at 852; *see Vistocco v Jardine*, 116 AD3d at 844; *O'Donnell v O'Donnell*, 2 AD3d at 605; *Ahern v Ahern*, 94 AD2d 53, 58 [1983]). The defendant's documentary submissions warrant an award in the sum of $67,111.19 to pay for the services of Dr. Marvin Aronson, Ronald Klein, CPA, and Dr. Rami Kaminski (*see* Domestic Relations Law § 237; 22 NYCRR 202.16 [k]). Contrary to the defendant's contentions, however, her evidentiary submissions are insufficient to support an award of expert fees for the services of a certain appraiser and private investigator (*see* Domestic Relations Law § 237; 22 NYCRR 202.16 [k]).

The defendant's remaining contention is without merit. Dickerson, J.P., Lott, Roman and Cohen, JJ., concur.