■ In the Matter of ANNA Y., Appellant, v ALEXANDER S., Respondent. [37 NYS3d 545]—

Order, Family Court, New York County (Lewis A. Borofsky, S.M.), entered on or about March 12, 2015, which, to the extent appealed from, denied petitioner's motion for 90% of her interim child care expenses and for counsel fees, unanimously reversed, on the law, to grant the motion for child care expenses in the amount of 78% thereof and to award interim counsel fees in the amount of $25,000, without costs.

Petitioner is incurring child care expenses as a result of working, and therefore is entitled to an order directing respondent to pay his proportionate share of those expenses (*see* Family Ct Act § 413 [1] [c] [4]; *Steel v Steel*, 152 Misc 2d 880, 881, 884 [Sup Ct, NY County 1990]). Respondent argues that his proportionate share, if any, would be 78%, not the 90% petitioner seeks. Thus, respondent is responsible for 78% of the child care expenses, subject to adjustment at trial.

Family Court Act § 438 (a) authorizes an award of counsel fees in proceedings for the support of children, reflecting the strong policy concern of "leveling the playing field" to ensure that "marital litigation is shaped not by the power of the bankroll but by the power of the evidence" (*Charpié v Charpié*,

271 AD2d 169, 170 [1st Dept 2000]). Upon consideration of the financial circumstances of the parties, including that respondent's income and assets are significantly greater than petitioner's, together with the other circumstances of this case, an award of interim counsel fees to petitioner in the amount of $25,000 is warranted to preserve parity between the parties and to avoid having petitioner deplete her assets in order to have legal representation. Concur—Friedman, J.P., Andrias, Richter, Gische and Kahn, JJ.