Skokos v Skokos (2019 NY Slip Op 00158)





Skokos v Skokos


2019 NY Slip Op 00158


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-05975
 (Index No. 9424/15)

[*1]Athanasios Skokos, appellant, 
v
Jeannine Skokos, respondent.


Jason M. Barbara & Associates, P.C., New Hyde Park, NY, for appellant.
Eric A. Schwartz, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Anna Culley, J.), entered May 19, 2016. The order, insofar as appealed from, granted that branch of the defendant's cross motion which was for an award of interim counsel fees to the extent of awarding her the sum of $15,000.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant were married in November 2010 and have one child together. In August 2015, the plaintiff commenced this action for a divorce and ancillary relief and sought custody of the child. The plaintiff moved for certain pendente lite relief, and the defendant cross-moved, inter alia, for an award of interim counsel fees. In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendant's cross motion which was for an award of interim counsel fees to the extent of awarding her the sum of $15,000. The plaintiff appeals.
Domestic Relations Law § 237(a) provides that in any action for a divorce, "the court may direct either spouse . . . to pay counsel fees . . . directly to the attorney of the other spouse to enable the other party to carry on or defend the action . . . as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties." The statute provides that "[t]here shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (Domestic Relations Law § 237[a]).
The determination of an application for interim counsel fees is committed to the sound discretion of the trial court (see Falcone v Falcone, 109 AD3d 787; Coven v Coven, 82 AD3d 1144). "An award of interim counsel fees to the nonmonied spouse will generally be warranted where there is a significant disparity in the financial circumstances of the parties" (Falcone v Falcone, 109 AD3d at 788). Such an award is intended to ensure that the nonmonied spouse "will be able to litigate the action, and do so on equal footing with the monied spouse" (Prichep v Prichep, 52 AD3d 61, 65).
Here, the evidence submitted by the defendant revealed a significant disparity in the financial circumstances of the parties, as the plaintiff owns and derives his income from a successful [*2]construction business, and the defendant, who has not been employed outside the home since the beginning of the marriage, has relatively few financial resources. Thus, the evidence established that the defendant is the nonmonied spouse. Further, the record reflects that the Supreme Court had a sufficient basis to award the defendant interim counsel fees in the sum of $15,000 (see Domestic Relations Law § 237[a]; Vistocco v Jardine, 116 AD3d 842; Palmeri v Palmeri, 87 AD3d 572; Penavic v Penavic, 60 AD3d 1026; Prichep v Prichep, 52 AD3d at 66).
Accordingly, the Supreme Court providently exercised its discretion in awarding the defendant interim counsel fees in the sum of $15,000.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court