Matter of Anthony V. L. v Bernadette R. (2019 NY Slip Op 08796)





Matter of Anthony V. L. v Bernadette R.


2019 NY Slip Op 08796


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Friedman, J.P., Kapnick, Kern, Oing, JJ.


10520B 10520A 10520

[*1] In re Anthony V. L., Petitioner-Appellant,
v
Bernadette R., Respondent-Respondent.


Law Offices of Lauren N. Mallin, New York (Lauren N. Mallin of counsel), for appellant.
Blank Rome LLP, New York (Brett S. Ward of counsel), for respondent.



Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about September 11, 2013, which, to the extent appealed from as limited by the briefs, denied petitioner father's objection to the Support Magistrate's June 2013 order denying petitioner's motion to vacate the parties' 2008 order of child support, unanimously affirmed, without costs. Order, same court (Stewart H. Weinstein, J.), entered on or about September 18, 2017, which, to the extent appealed from as limited by the briefs, denied petitioner's objection to the Support Magistrate's June 2017 order denying petitioner's request to vacate the 2008 order of child support and for a downward modification, and granted petitioner's objection to the extent of remanding the issues of petitioner's entitlement to a health insurance credit and downward modification of child care costs to the Support Magistrate for further findings or hearings, unanimously modified, to direct that the Support Magistrate also issue further findings as to whether the child support obligation should be reduced in accordance with respondent mother's actual housing costs and, if any reduction is warranted, whether it should be made retroactive and the extent to which it should be applied as a credit against future add-on expenses, and otherwise affirmed, without costs. Order, same court and Judge, entered on or about September 18, 2017, which, to the extent appealed from as limited by the briefs, directed petitioner to pay 50% of respondent's requested counsel fees, unanimously affirmed, without costs.
As a preliminary matter, petitioner's appeal from the order entered on or about September 11, 2013 is timely, because the record does not show that respondent ever served petitioner with notice of entry of that order, and therefore the time to notice the appeal never began to run (see Matter of Reynolds v Dustman, 1 NY3d 559 [2003]; CPLR 5513[a]).
Family Court providently exercised its discretion in declining to vacate the 2008 child support order pursuant to CPLR 5015(a)(3). Petitioner alleged that respondent engaged in fraud by inflating the child's rent, health care premiums, and child care costs. He sought vacatur based upon "new evidence" in the form of subpoenaed documents, including the mother's lease from 2008, her employment records, and her tax returns. However, he did not show that this "new evidence" could not have been found earlier with due diligence (see Bongiasca v Bongiasca, 289 AD2d 121, 122 [1st Dept 2001]). In addition, petitioner failed to move to vacate the order within a reasonable time, having waited approximately four years before seeking relief (see Mark v Lenfest, 80 AD3d 426, 426 [1st Dept 2011]).
Petitioner also argues that Family Court should have awarded him immediate restitution or credit for the overpaid rent, health insurance premiums, and child care, rather than remanding to the Support Magistrate for further factual findings as to respondent's actual health care premiums and the reasonableness of child care costs. We find that the Support Magistrate and the court should have considered a downward modification of petitioner's prospective child support obligations. Petitioner demonstrated at the hearing that there had been a substantial [*2]change in circumstances based upon respondent's actual housing costs. However, additional findings of fact by the Support Magistrate are necessary to determine respondent's actual housing costs, whether petitioner is entitled to overpayment credit to be applied to future add-on expenses (see Coull v Rottman, 35 AD3d 198, 200-01 [1st Dept 2006], appeal dismissed 8 NY3d 903 [2007]), and the amount of the credit, if any (Matter of McGovern v McGovern, 148 AD3d 900, 902 [2d Dept 2017]).
In light of the inconclusiveness of the record as to respondent's health insurance premium payments, Family Court properly determined that further findings by the Support Magistrate were needed to determine the amount of credit to which petitioner may be entitled for past overpayment of the premiums. In addition, the court properly remanded the matter to the Support Magistrate for a determination as to reasonable child care expenses. Petitioner's argument that he should be given full reimbursement of his child care costs is not supported by the evidence, which shows that the child has special needs and was not in school full-time until 2012.
Family Court providently exercised its discretion in awarding respondent 50% of her attorneys' fees (see Matter of Anna Y. v Alexander S., 142 AD3d 864, 864-865 [1st Dept 2016]). The evidence shows that respondent is the non-monied party and that she was compelled to defend numerous allegations that were unrelated to the downward modification petition, including that petitioner should be reimbursed for his voluntary payments for private school tuition and summer camp costs, as well as pointless motion practice. As Family Court noted, "At times
. . . , [both parties'] advocacy bordered on frivolous."
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK