Fugazy v Fugazy (2022 NY Slip Op 06115)

Fugazy v Fugazy

2022 NY Slip Op 06115

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-00659 
2019-00660
2019-00661
2019-02768
2019-02770
2019-02771
 (Index No. 54266/17)

[*1]Catherine Fugazy, appellant,
v
Roy Daniel Fugazy, respondent.

The Law Office of Marcia E. Kusnetz, P.C., Rye Brook, NY, for appellant.
Kaufmann Gildin & Robbins LLP, New York, NY (David J. Kaufmann of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated October 3, 2018, (2) an order of the same court dated December 13, 2018, (3) an order to show cause of the same court dated December 13, 2018, (4) an order of the same court dated January 15, 2019, (5) an order to show cause of the same court dated January 15, 2019, and (6) an order of the same court also dated January 15, 2019. The order dated October 3, 2018, insofar as appealed from, denied that branch of the plaintiff's cross motion which was to compel the defendant to appear for a further deposition and to produce certain documents, and referred to the trial court that branch of the plaintiff's cross motion which was for an award of interim counsel fees. The order dated December 13, 2018, insofar as appealed from, granted those branches of the defendant's motion which were to quash subpoenas served by the plaintiff and for a protective order, and denied the plaintiff's application to sign an order to show cause designated as Motion Sequence 7. The first order dated January 15, 2019, insofar as appealed from, in effect, denied that branch of the plaintiff's cross motion which was for a refund of the fees she paid to the discharged neutral financial evaluator. The second order dated January 15, 2019, insofar as appealed from, sua sponte, directed that the retainer and subsequent fees of the substitute neutral financial evaluator appointed by the Supreme Court be paid from the proceeds of the sale of the marital residence.
ORDERED that the appeals from the orders to show cause dated December 13, 2018, and January 15, 2019, and so much of the order dated December 13, 2018, as denied the plaintiff's application to sign an order to show cause designated as Motion Sequence 7 are dismissed; and it is further,
ORDERED that the order dated October 3, 2018, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof referring to the trial court that branch of the plaintiff's cross motion which was for an award of interim counsel fees, and substituting therefor a provision granting that branch of the cross motion and awarding the plaintiff interim counsel fees [*2]in the sum of $75,000, to be paid by the defendant to the plaintiff's attorneys within 30 days after the service of this decision and order with notice of entry, subject to reallocation after trial if deemed appropriate by the Supreme Court; as so modified, the order dated October 3, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated December 13, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that the first order dated January 15, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the second order dated January 15, 2019, as, sua sponte, directed that the retainer and subsequent fees of the substitute neutral financial evaluator appointed by the Supreme Court be paid from the proceeds of the sale of the marital residence is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the second order dated January 15, 2019, is modified, on the law, by adding a provision thereto directing that the payment of the retainer and subsequent fees of the substitute neutral financial evaluator be subject to reallocation at the time of trial; as so modified, the second order dated January 15, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeals from the orders to show cause dated December 13, 2018, and January 15, 2019, must be dismissed, as no appeal lies from an order issued ex parte (see Matter of Congregation Yetev Lev D'Satmar v Kahana, 308 AD2d 447). The appeal from so much of the order dated December 13, 2018, as denied the plaintiff's application to sign an order to show cause designated as Motion Sequence 7 must be dismissed, as no appeal lies from the denial of an application to sign an order to show cause (see Matter of Rivera v Diaz, 185 AD3d 695; Khanal v Sheldon, 74 AD3d 894; Matter of Astoria Gas Turbine Power, LLC v Tax Commn. of City of N.Y., 14 AD3d 553, affd 7 NY3d 451).
In March 2017, the plaintiff commenced this action for a divorce and ancillary relief. The plaintiff filed a note of issue and certificate of readiness on June 20, 2018. In August 2018, after the defendant moved, inter alia, to disqualify the neutral financial evaluator appointed by the Supreme Court, the plaintiff cross-moved, among other things, to compel the defendant to appear for a further deposition and to produce certain documents, and for an award of interim counsel fees in the sum of $75,000. In an order dated October 3, 2018, the court, inter alia, denied that branch of the plaintiff's cross motion which was to compel discovery and referred to the trial court that branch of her cross motion which was for an award of interim counsel fees. The plaintiff appeals from this order.
In November 2018, the defendant moved, inter alia, to quash subpoenas served by the plaintiff and for a protective order. In an order dated December 13, 2018, the Supreme Court, among other things, granted those branches of the defendant's motion. In an order dated January 15, 2019, the court, inter alia, discharged the neutral financial evaluator, appointed a substitute neutral financial evaluator, and, sua sponte, directed that the substitute neutral financial evaluator's retainer and subsequent fees be paid from the proceeds of the sale of the marital residence. In a separate order dated January 15, 2019, the court, among other things, in effect, denied that branch of the plaintiff's cross motion which was for a refund of the fees she paid to the discharged neutral financial evaluator. The plaintiff appeals from each of these orders.
"'An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case'" (Sufia v Khalique, 189 AD3d 1499, 1502, quoting D'Angio v D'Angio, 171 AD3d 1130, 1130 [internal quotation marks omitted]). "'The purpose of an award of interim counsel fees is to ensure that the less monied spouse will be able to litigate the action on [*3]equal footing with the monied spouse'" (Kaufman v Kaufman, 189 AD3d 31, 76, quoting Duval v Duval, 144 AD3d 739, 742-743). "The courts are to see to it that the matrimonial scales of justice are not unbalanced by the weight of the wealthier litigant's wallet" (O'Shea v O'Shea, 93 NY2d 187, 190; see Prichep v Prichep, 52 AD3d 61, 65). "'An award of interim counsel fees to the nonmonied spouse will generally be warranted where there is a significant disparity in the financial circumstances of the parties'" (Skokos v Skokos, 168 AD3d 782, 783, quoting Falcone v Falcone, 109 AD3d 787, 788; see Domestic Relations Law § 237[a]).
Taking into account all of the relevant circumstances, the Supreme Court improperly referred to the trial court that branch of the plaintiff's cross motion which was for an award of interim counsel fees (see Domestic Relations Law § 237[a]; Penavic v Penavic, 60 AD3d 1026, 1028). "Because of the importance of such awards to the fundamental fairness of the proceedings, . . . an application for interim counsel fees by the nonmonied spouse in a divorce action should not be denied—or deferred until after the trial, which functions as a denial—without good cause, articulated by the court in a written decision" (Prichep v Prichep, 52 AD3d at 62). Here, the court erred in summarily referring that branch of the plaintiff's cross motion which was for an award of interim counsel fees to the trial court, which functioned as a denial of that relief, and failed to articulate any reasons, much less good cause, for that determination. The evidence submitted by the plaintiff demonstrates that she is the nonmonied spouse, as the defendant earned five to seven times more income than the plaintiff in recent years (see Kaufman v Kaufman, 131 AD3d 939, 940; Carlin v Carlin, 120 AD3d 734, 735; Witter v Daire, 81 AD3d 719, 719; Prichep v Prichep, 52 AD3d at 66). While the defendant argues that the plaintiff has funds available to her, the plaintiff "cannot be expected to exhaust all, or a large portion, of the finite resources available to her in order to pay her attorneys, particularly when the [defendant] is able to pay his own legal fees without any substantial impact upon his lifestyle" (Prichep v Prichep, 52 AD3d at 66; see Lvovsky v Lvovsky, 187 AD3d 580, 580; Matter of Anna Y. v Alexander S., 142 AD3d 864, 865; Mitzner v Mitzner, 228 AD2d 483, 484). Accordingly, we find that an award of interim counsel fees is warranted, and, in the exercise of discretion, that an award of interim counsel fees in the sum of $75,000 is appropriate, subject to reallocation at trial if deemed appropriate by the court (see Cohen v Cohen, 160 AD3d 804, 806-807; see also Pezzollo v Pezzollo, 173 AD3d 918, 920; Duval v Duval, 144 AD3d at 742-743).
In the January 15, 2019 order appointing the substitute neutral financial evaluator, the Supreme Court directed that the retainer and subsequent fees of that evaluator be paid from the proceeds of the sale of the marital residence being held in escrow. However, there has not been an award of equitable distribution of those proceeds. Accordingly, we modify that order by adding a provision thereto directing that the payment of the substitute neutral financial evaluator from the proceeds of the sale of the marital residence is subject to reallocation at the time of trial (see Domestic Relations Law § 236[B][5][a], [g]).
The Supreme Court properly denied that branch of the plaintiff's cross motion which was to compel the defendant to appear for a further deposition and to produce certain documents. The plaintiff was aware that the defendant had not responded to the demand for documents or appeared for a further deposition, yet still filed the note of issue and certificate of readiness without seeking relief. The plaintiff therefore waived her objections to the defendant's failure to meet his disclosure obligations by failing to move for sanctions under CPLR 3126 before filing the note of issue (see J. H. v City of New York, 170 AD3d 816, 818; K-F/X Rentals & Equip., LLC v FC Yonkers Assoc., LLC, 131 AD3d 945, 946; Iscowitz v County of Suffolk, 54 AD3d 725, 725).
The Supreme Court properly granted those branches of the defendant's motion which were to quash the plaintiff's subpoenas and for a protective order. "A subpoena duces tecum may not be used for the purpose of general discovery or to ascertain the existence of evidence. Rather, the purpose of a subpoena duces tecum is 'to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding'" (Capacity Group of NY, LLC v Duni, 186 AD3d 1482, 1483 [citations omitted], quoting Matter of Terry D., 81 NY2d 1042, 1044). Here, each of the plaintiff's subpoenas sought information and documents similar to those sought in that branch of the plaintiff's prior cross motion which was to compel the production of documents, which the court had denied, and the subpoenas were thus an attempt to circumvent the court's order and improperly obtain general discovery (see Matter of Terry D., 81 NY2d at 1044; [*4]Capacity Group of NY, LLC v Duni, 186 AD3d at 1483; Bottini v Bottini, 164 AD3d 556, 559).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court