M.G. v A.G. (2024 NY Slip Op 50383(U))

[*1]

M.G. v A.G.

2024 NY Slip Op 50383(U)

Decided on April 9, 2024

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 9, 2024
Supreme Court, Westchester County

M.G., Plaintiff,

against
A.G., Defendant.

Index No. 68890/2022

James L. Hyer, J.

The following documents, numbered 1 to 27, were considered in connection with Plaintiff's Order to Show Cause, dated February 13, 2024 (hereinafter "Motion Sequence #1"), seeking the following:
1. An Order, compelling the Defendant, A.G., to comply with the "So Ordered" Transcript and immediately satisfy the outstanding arrears due on the Chase mortgage, in the sum of $10,070.71, as of January 3, 2024, together with such other and further arrears, costs, penalties and late fees which may accrue due to said Defendant's breach of the "So Ordered" Transcript; and
2. An Order, compelling the Defendant, A.G., to comply with the "So Ordered" Transcript and immediately satisfy the outstanding arrears due on the Newrez mortgage, in the sum of $5,395.98, as for January 1, 2024, together with such other and further arrears, costs, penalties and late fees which may accrue due to said Defendant's breach of the "So Ordered" Transcript; and
3. In the alternative, that pursuant to Domestic Relations Law § 244, that the Plaintiff be awarded a money judgment against Defendant, A.G., in the sum of $15,466.69, representing arrears in the first and second mortgage which was due and payable by Defendant pursuant to the "So Ordered" Transcript; and
4. That the money judgment to be awarded include arrears which shall accrue up to submission of this application as authorized pursuant to Domestic Relations Law § 244(a); and
5. That Plaintiff be awarded counsel fees in the sum of $50,000.00, pursuant to DRL §237 and §238, for legal fees to prepare this case for trial and to enforce the terms and provisions of the "So Ordered" transcript dated July 14, 2023; and
6. That Plaintiff be awarded such other and further relief as to the Court may seem just and proper.
And Defendant's Notice of Cross Motion, dated February 22, 2024 (hereinafter "Motion Sequence #1"), seeking the entry of an Order:
1. Denying the Plaintiff's Order to Show Cause in it's [sic] entirety; and
2. Modifying the terms spread on the record in the So Ordered Transcript dated June 16, 2023, so as to re-allocate the parties' pro-rata share of the carrying charges and household expenses going forward; and
3. For such other and further relief as to this Court seems just and proper.
PAPERS NUMBERED
Order to Show Cause/Affidavit in Support/Affirmation in Support
Exhibits 1-4 1-7
Notice of Cross Motion/Affidavit in Opposition/Affirmation in Opposition/
Exhibits A-H 8-18
Reply Affirmation/Exhibits 5-11 19-26
Reply Affirmation 27
RELEVANT FACTUAL AND PROCEDURAL
HISTORY
Plaintiff commenced this matrimonial action with the filing of a Summons and Complaint on December 2, 2022 (NYSCEF Doc. No. 1). On June 16, 2023, the parties appeared with counsel for a Preliminary Conference after which the transcript of this appearance was "so ordered" on July 17, 2023 (hereinafter "Transcript") (NYSCEF Doc. No. 36). The Transcript reflects the parties' agreement pertaining to pendente lite issues:
THE COURT: Thank you. My understanding is that there's been an agreement reached between the parties that the parties will maintain the status quo.
Meaning that they're going to continue to pay for any expenses that they've paid for throughout the marriage and that there's no further applications that are being made of the Court at this time. Plaintiff's counsel?
MR. GUTTRIDGE: That's correct.
THE COURT: Defendant's counsel?
MR. SALVI: Yes, your Honor.
(NYSCEF Doc. No. 36, tr at 13, lines 24-25; at 14, lines 1-8)
The June 16, 2023 transcript further reflects that the parties' awareness of work being performed to the marital domicile (NYSCEF Doc. No. 36 at 16, lines 5-13, 23-25):
MR. GUTTRIDGE: Right. Judge, I think there's actually some COs they have to work out.
MR. SALVI: Yeah. There was an addition added to the house and there's some electrical work that needed a final inspection to get a CO.
So my client's going to have to reengage that electrician who walked away from the job or secure the services of another to get that complete before the house could be listed for sale.
* * *
MR. GUTTRIDGE: And I think everything that's done related to getting the CO should [*2]be on notice to each party, whether it's through counsel or otherwise.
Approximately seven months later, on February 9, 2024, Plaintiff filed Motion Sequence #1 (NYSCEF Doc. Nos. 81-87). On February 22, 2024, Defendant filed Motion Sequence #2 in opposition to Motion Sequence #1 and seeking affirmative relief (NYSCEF Doc. Nos. 89-99). Plaintiff filed a Reply on March 8, 2024 (NYSCEF Doc. Nos. 104-111). Defendant filed a Reply on March 21, 2024 (NYSCEF Doc. No. 118). No further submissions were made with respect to Motions Sequence #1 and #2, and the motions were deemed fully submitted on March 22, 2024.
FINDINGS OF FACT AND CONCLUSIONS OF LAW
1. Plaintiff's Requests Pertaining to the Marital Domicile Mortgages and Defendant's Request for Modification of the Pendente Lite Stipulation & Order
In a matrimonial action, the parties may seek interim relief in the form of a pendente lite award which generally is provided to a lesser monied spouse who is seeking support and payment of reasonable needs pending the outcome of the litigation (Cooper v Cooper, 7 AD3d 746 [2d Dept 2004]; DRL §§ 236, 240). "[T]he goal of pendente lite support is to return the parties to the preaction status quo as quickly as possible" (Anonymous v Anonymous, 63 AD3d 493, 498 [1st Dept 2009]). Further, it is appropriate for pendente lite awards to direct a spouse to pay certain marital expenses such as mortgage payments (Vistocco v Jardine, 116 AD3d 842, 843-844 [2d Dept 2014]).
A stipulation which is either written and subscribed by the parties, or entered in open court, is enforceable against either party as a contract (CPLR § 2104). In matrimonial actions, stipulations made in open court between counsel with the parties present are enforceable (see Nordgren v Nordgren, 264 AD2d 828 [2d Dept 1999]). Such stipulation may include agreements regarding pendente lite support (Kaufman v Kaufman, 189 AD3d 31 [2d Dept 2020]). Stipulations of settlement, particularly "open court" stipulations, are favored by the courts and are not lightly cast aside (Hallock v State, 64 NY2d 224, 230 [1984]). Only where there is sufficient cause to invalidate a stipulation of settlement, such as fraud, collusion, mistake, or accident, will a party be relieved from the terms of a stipulation made during litigation (Matter of Frutiger, 29 NY2d 143 [1971]).
While a review of the equities is appropriate to determine if the modification of a temporary support award is warranted, such modification should rarely be made (see generally Schelling v Schelling, 145 AD2d 856, [3d Dept 1988]). Modification has only been found appropriate when the payor spouse cannot meet his or her financial obligations or as justice otherwise requires, and a prompt trial is the preferred method to resolve alleged inequities (see Holmes v Holmes, 151 AD2d 911, 912 [3d Dept 1989]). Even where a prompt trial is not possible due to the need for protracted discovery, modification of temporary support should not be granted where the precise financial status of the parties is in doubt (see Sayer v Sayer, 130 AD2d 407 [1st Dept 1987]).
Here, it is undisputed that Defendant has failed to comply with the pendente lite agreement to maintain the status quo placed upon the record by providing payment for the two mortgages encumbering the parties' marital domicile. Defendant asserts that he has experienced financial hardship preventing him from making such payments, that he has redirected funds to improvements on the marital domicile, and there is no urgency because he obtained approval [*3]from the mortgage companies for reduced payments resulting in no arrears being due at this time. Defendant requests a modification of the pendente lite stipulation and Order in place to balance the equities and require Plaintiff to have more "skin in the game."
Plaintiff points to Defendant's failure to request for a modification of the agreed-upon pendente lite obligations. She asserts that Defendant's bad faith is illustrated by his almost immediate default of payments. Plaintiff further notes that she was unaware of any loan modification documents filed with the mortgage lenders and argues that Defendant's submission of such documents without her knowledge could constitute a violation of the Automatic Orders under DRL § 236(B)(2)(b) and fraud. Plaintiff requests either an Order compelling Defendant to provide payment of all arrears due on both mortgages or the entry of Judgments against Defendant in favor of Plaintiff for the amount Plaintiff asserts constitute the mortgage arrearages.
The Court is troubled by Defendant's apparent self-help in failing to comply with the so-ordered pendente lite stipulation, by seeking loan modifications — possibly without Plaintiff's knowledge — and by re-directing the mortgage payment funds to pay for improvements to the marital domicile. Defendant's actions have placed the marital domicile at risk of dissipation and loss because Defendant took such actions without seeking court intervention to address his claimed lack of resources or the re-direction thereof. Further, this Court has not been presented with any compelling evidence that the parties' finances have materially changed since the pendente lite Order was established.
Accordingly, based upon the foregoing, Plaintiff's application is granted to the extent that: (1) Defendant's request and application for a modification of the pendente lite stipulation and Order are denied; (2) Defendant is directed to comply with the pendente lite stipulation and Order; (3) by April 30, 2024, Defendant shall file proof that both mortgages encumbering the marital domicile are current with no arrears then in place; and (4) by April 30, 2024, Defendant shall file all documents filed by Defendant since the commencement of this action pertaining to loan modifications for the marital domicile.
2. Plaintiff's Request for Interim Counsel Fees
When discussing the manner in which a request for counsel fees should be examined by a trial Court, the Appellate Division Second Department noted:
"'An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case'" (Sufia v. Khalique, 189 AD3d 1499, 1502, 138 N.Y.S.3d 116, quoting D'Angio v. D'Angio, 171 AD3d 1130, 1130, 96 N.Y.S.3d 915 [internal quotation marks omitted]). "'The purpose of an award of interim counsel fees is to ensure that the less monied spouse will be able to litigate the action on equal footing with the monied spouse'" (Kaufman v. Kaufman, 189 AD3d 31, 76, 133 N.Y.S.3d 54, quoting Duval v. Duval, 144 AD3d 739, 742—743, 40 N.Y.S.3d 535). "The courts are to see to it that the matrimonial scales of justice are not unbalanced by the weight of the wealthier litigant's wallet" (O'Shea v. O'Shea, 93 NY2d 187, 190, 689 N.Y.S.2d 8, 711 N.E.2d 193; see Prichep v. Prichep, 52 AD3d 61, 65, 858 N.Y.S.2d 667). "'An award of interim counsel fees to the nonmonied spouse will generally be warranted where there is a significant disparity in the financial circumstances of the parties'" (Skokos v. Skokos, 168 AD3d 782, 783, 91 N.Y.S.3d 450, quoting Falcone v. Falcone, 109 AD3d 787, 788, [*4]971 N.Y.S.2d 132; see Domestic Relations Law § 237[a]).
Taking into account all of the relevant circumstances, the Supreme Court improperly referred to the trial court that branch of the plaintiff's cross motion which was for an award of interim counsel fees (see Domestic Relations Law § 237[a]; Penavic v. Penavic, 60 AD3d 1026, 1028, 877 N.Y.S.2d 118). "Because of the importance of such awards to the fundamental fairness of the proceedings, ... an application for interim counsel fees by the nonmonied spouse in a divorce action should not be denied—or deferred until after the trial, which functions as a denial — without good cause, articulated by the court in a written decision" (Prichep v. Prichep, 52 AD3d at 62, 858 N.Y.S.2d 667).
(Fugazy v Fugazy, 210 AD3d 653, 655-656 [2d Dept 2022]).
Here, Plaintiff is employed as a medical assistant with a yearly income of approximately $44,000.00. Defendant is employed as an aircraft mechanic with a yearly income of approximately $125,000.00. Plaintiff supports her application for a $50,000.00 interim counsel fee award, asserting that she has incurred $33,597.57 in legal fees of which $21,097.57 is due, with additional sums being required to prepare for trial. Defendant opposes this application, asserting that he is in financial hardship and claiming that Plaintiff "has a wealthy sister who has been heling her funds this litigation."
The Court notes that Defendant is the more monied spouse earning three times that of Plaintiff. Moreover, Plaintiff's application for interim counsel fees is reasonable taking into consideration Plaintiff's counsel's hourly rate, time expended to date, and time to be expended for trial preparation. Conversely, the Court finds Defendant's arguments in opposition unavailing.
Based upon the foregoing, Plaintiff's application is granted to the extent that she is granted an award of $20,000.00 in interim legal fees from Defendant which shall be payable in five monthly installments of $4,000.00 and payable on the 19th day of each month, commencing with the first payment due to be received in-hand by Plaintiff's counsel by April 19, 2024.
Accordingly, it is hereby
ORDERED that Plaintiff's application is granted to the extent that: (1) Defendant's request and application for a modification of the pendente lite stipulation and Order are denied; (2) Defendant is directed to comply with the pendente lite stipulation and Order; (3) by April 30, 2024, Defendant shall file proof that both mortgages encumbering the marital domicile are current with no arrears then in place; and (4) by April 30, 2024, Defendant shall file all documents filed by Defendant since the commencement of this action pertaining to loan modifications for the marital domicile; and it is further
ORDERED that Plaintiff's application is granted to the extent that she is granted an award of $20,000.00 in interim legal fees from Defendant which shall be payable in five monthly installments of $4,000.00 and payable on the 19th day of each month commencing with the first payment due to be received in-hand by Plaintiff's counsel by April 19, 2024; and it is further
ORDERED that a separate Pre-Trial Conference Order shall be entered providing the following: (1) Pre-Trial Conference to be held on August 16, 2024, at 2:00 p.m., wherein all parties and counsel must appear in-person; and (2) Trial to commence on October 23, 2024 and continue day-to-day until October 25, 2024, each day from 9:00 a.m. through 5:00 p.m.; [*5]and it is further
ORDERED that by April 15, 2024, Plaintiff's counsel shall serve a copy of this Decision and Order with Notice of Entry by NYSCEF filing, and by that date shall file proof of service with the Court; and it is further
ORDERED that any relief requested not expressly granted herein is denied.
The foregoing constitutes the Decision and Order of the Court.
Dated: April 9, 2024
White Plains, New York
ENTER:
Hon. James L. Hyer, J.S.C.