Jacobson v Jacobson (2025 NY Slip Op 04165)

Jacobson v Jacobson

2025 NY Slip Op 04165

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-10418
 (Index No. 50842/21)

[*1]Dana Jacobson, appellant, 
v
Jeffrey Mica Jacobson, respondent.

Berkman Bottger Newman & Schein, LLP, White Plains, NY (Ian Steinberg of counsel), for appellant.
Miller Seiderman LLP, White Plains, NY (Faith G. Miller, Tiffany E. Gallo, and Adrienne Abraham of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Robert S. Ondrovic, J.), dated October 10, 2023. The order granted the defendant's motion for an award of interim counsel fees to the extent of directing the plaintiff to pay interim counsel fees in the sum of $45,000.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendant's motion for an award of interim counsel fees is denied.
The parties were married in July 2014 and have two children together. In January 2021, the plaintiff commenced this action for a divorce and ancillary relief. In September 2023, the defendant moved pursuant to Domestic Relations Law § 237 for an award of interim counsel fees in the sum of $75,000. In an order dated October 10, 2023, the Supreme Court granted the defendant's motion to the extent of directing the plaintiff to pay interim counsel fees in the sum of $45,000. The plaintiff appeals.
"'An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case'" (Hutchinson v Hutchinson, 219 AD3d 1320, 1322, quoting Fugazy v Fugazy, 210 AD3d 653, 655). "'In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party has delayed the proceedings or engaged in unnecessary litigation'" (Blocker v Blocker, 221 AD3d 768, 769, quoting Marchese v Marchese, 185 AD3d 571, 576). "An award of interim counsel fees 'is designed to redress the economic disparity between the monied spouse and the non-monied spouse . . . to see to it that the matrimonial scales of justice are not unbalanced by the weight of the wealthier litigant's wallet'" (Hutchinson v Hutchinson, 219 AD3d at 1322 [internal quotation marks omitted], quoting Prichep v Prichep, 52 AD3d 61, 65; see O'Shea v O'Shea, 93 NY2d 187, 190). "'There shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse'" (Lombardi v Lombardi, 229 AD3d 538, 539, quoting Domestic Relations Law § 237[a]).
Under the circumstances of this case, including that both parties engaged in conduct not conducive to a speedy resolution of this action, and that the defendant failed to prove that he was the less monied spouse, that he was unable to pay his own legal fees, or that the plaintiff sought relief which was so lacking in merit as to justify an award, the Supreme Court improvidently exercised its discretion in granting the defendant's motion pursuant to Domestic Relations Law § 237 for an award of interim counsel fees (see Matassov v Matassov, 236 AD3d 644, 645; Assad v Assad, 200 AD3d 831, 835; Comstock v Comstock, 1 AD3d 307).
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court